# Leonard Seed Company *v.* Lustig Burgerhoff Company, Appellant.

*Practice, C. P.—Practice Act—Statement of claim—Affidavit of defense—Amendment.*

Under the provisions of section 2 of the Practice Act of 1915, if it appears that a defect in a statement of claim may be cured by amendment, judgment for the defendant may not be entered without first giving plaintiff leave to amend. A defective averment of damages is capable of correction, and a defendant is not entitled to judgment because of it. An amendment correcting such a defect is properly allowed.

Amendments to plaintiff's statement may be made without redrafting the whole pleading. Where a defendant participated in every step of the litigation and had opportunity to file an amended affidavit, it cannot prevent judgment on the ground that the plaintiff's statement did not conform with the provisions of the Practice Act with respect to the endorsement as to the notice to file an affidavit of defense. If it desired to raise such a question it should have done so under the provisions of section 21 of the Practice Act by a motion to strike off.

Argued March 3, 1925. Appeal, No. 21, Feb. T., 1925, by defendant, from judgment of C. P. Lackawanna Co., May T., 1921, No. 292, in the case of Leonard Seed Company v. Lustig Burgerhoff Company. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit on contract of sale. Before NEWCOMB, J.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

The court made absolute the rule and entered judgment in favor of the plaintiff in the sum of $480. Defendant appealed.

*Error assigned* was, among others, the decree of the court.

*Thomas P. Duffy,* and with him *Joseph F. Gilroy,* for appellant, cited: Dick v. Foshey, 71 Pa. Superior Ct. 439; Futer v. Snyder, 27 D. C. 217; Atherton v. Clearview Coal Co., 267 Pa. 425.

*Joseph F. Gunster,* for appellee, filed no printed brief.

OPINION BY LINN, J., April 28, 1925:

This appeal contains three complaints: (1) that plaintiff was permitted to amend its statement; (2) that defendant's motion for judgment on the pleadings was refused; (3) that judgment for want of a sufficient affidavit of defense was entered.

In 1920, plaintiff sold to defendant 200 bushels of onions, for delivery between the 1st and 15th of March, 1921; before delivery date, defendant advised plaintiff it would not accept the onions and requested plaintiff not to ship them. On March 5, 1921, plaintiff notified defendant that it held the onions subject to defendant's order and would store them for its account unless shipping instructions were received. After the date when shipment should have been made and accepted, the onions spoiled and this suit was brought for the purchase price; when the pleadings were in, the court below, on plaintiff's motion, entered judgment for want of a sufficient affidavit of defense and an appeal from that order was disposed of here by a judgment reported in 81 Pa. Superior Ct. 499.

We then decided that the affidavit of defense was insufficient, but we also held that the statement of claim would not support a judgment for the amount claimed; the plaintiff, we said, "erred in fixing the damages as of a date long after the time fixed for the completion of the contract by the delivery of the goods." Accordingly we reversed, with a procedendo.

After the record was returned; defendant filed a motion for judgment on the pleadings, on the ground that the statement was insufficient. While that motion was not made, as it should have been, under section 20 of the Practice Act (Jackson v. Myers, 260 Pa. 488), we shall so consider it. Before it was heard, however, plaintiff filed a petition for leave to amend its statement by omitting the averment claiming the purchase price, and substituting therefor an averment stating plaintiff's loss, (the difference between the purchase price and the market price) as of the period in March when defendant should have accepted the onions. The petition, setting forth the proposed amendment and the rule to show cause allowed thereon, was duly served on defendant but it filed no answer. Both motions were heard by the court at the same time and the plaintiff's motion to amend was granted, and defendant's motion for judgment was refused,—giving rise to the first two assignments on this appeal. As to them, we need only say that in disposing of a motion for judgment under section 20 of the Practice Act, if it appear that a defect in a statement of claim may be cured by amendment, judgment for defendant may not be entered without first giving plaintiff leave to amend: B. & L. Assn. v. Title Co., 82 Pa. Superior Ct. 211; Rhodes v. Terheyden, 272 Pa. 397. As the defective averment of damages was capable of correction, defendant was not entitled to judgment; and as the proposed amendment corrected the defect in the statement, it was properly allowed. The first two assignments are dismissed.

The statement of claim contained the statutory endorsement requiring defendant to file an affidavit of defense, and pursuant to it, an affidavit on the merits was filed, which, as we have said, we considered insufficient. After the court allowed plaintiff's amendment, no new statement of claim was filed omitting the defective allegation and substituting the new averment for it; nor, did defendant file a supplemental affidavit of defense to

supply, if possible, the inadequacy of the original affidavit of defense. The pleadings, then, were the statement and its amendment on the one side, and the affidavit of defense on the other.

Subsequently, plaintiff filed a petition, setting forth the state of the pleadings, alleging that the affidavit of defense was insufficient in respects specified, and that no supplemental affidavit had been filed, and praying for a rule on defendant to show cause why judgment should not be entered for want of a sufficient affidavit of defense. A rule was granted and service of the petition and rule was accepted by the attorney for defendant and a time was fixed for hearing. To that petition, defendant filed an answer, admitting the averments of fact, not denying that the affidavit was insufficient, but merely alleging that "no notice as required by the Practice Act of 1915 was ever served upon the defendant or its counsel." The court heard the parties and made absolute the rule for judgment. We learn from defendant's brief what it meant by the averment that no notice as required by the Practice Act was served; it contends that a new statement of claim should have been written, omitting what was excluded by the amendment and substituting what was supplied to take its place, and that such amended statement, endorsed pursuant to section 10 of the Practice Act, with notice to file an affidavit of defense within fifteen days, should have been served on defendant. The original statement with the required endorsement had been duly served; the petition for leave to amend, setting forth the proposed amendment and the necessity for it, had also been served upon defendant and defendant had appeared at the hearing, opposed the granting of the amendment, and demanded judgment on the whole record on its motion.

Under the Practice Act of 1915, P. L. 483, if, as here, there is neither set-off nor counterclaim, the pleadings consist of the statement of claim and the affidavit of defense. The common law right of amendment has been

much amplified in this state by statute; frequently the amendment is of a name, a date, an amount or perhaps of a single averment. The pleading as amended, of course, takes the place of the original pleading in framing the issue and determining the scope of the trial and while it might be convenient to have a pleading as amended redrawn and filed, it has not been required heretofore. In this case defendant sustained no harm by the practice pursued. While under section 21 (amended May 23, 1923, P. L. 325), the court "may allow an amendment or a new pleading upon such terms as it may direct," no order specifying terms was made here, nor were terms asked for by defendant; nor, if defendant was of opinion that what appeared on the record was inadequate and that a new statement was required to be filed, did defendant proceed under the provision of section 21, that "the court upon motion may strike from the record a pleading that does not conform to the provisions of this act." If defendant had any defense, it might have been stated in a supplemental affidavit any time prior to judgment: Franklin Sugar R. Co. v. Howell, 274 Pa. 190, 192. As appellant had abundant notice of, and participated at every step in the proceeding, with ample opportunity to supplement its original affidavit, if it had any defense, it is not in a position to complain of the judgment entered; as the court below stated, "to hold otherwise would be trifling with the plaintiff's rights and with the true functions of legal process."

Judgment affirmed.