## Casella v. Valenti et ux.

*Roscoe R. Koch,* for plaintiff; *John B. McGurl,* for defendants.

HOUCK, J., February 23, 1932.—It is alleged in the statement of claim that on September 15, 1928, plaintiff and her husband, now deceased, entered into an oral agreement with defendants (Rose Valenti being plaintiff's stepdaughter) by the terms of which plaintiff and her husband agreed to pay to defendants $2000 and defendants agreed to furnish plaintiff and her husband food, clothing, board and lodging for their respective lives and Christian burials at their decease; that plaintiff and her husband paid $2000 in cash to defendants and took up their residence with defendants on September 15, 1928; that plaintiff's husband died on May 24, 1929; that defendants failed to comply with the terms of the contract by making plaintiff's life so unbearable that she was forced to give up her home with them on April 15, 1930; and that by a studied course of neglect and insult defendants made plaintiff's life with them impossible. On this statement plaintiff claims the repayment of the sum of $2000, with interest. Defendants filed an affidavit of defense raising questions of law, specifying eight reasons which it is contended preclude recovery.

The case was submitted on written briefs and the reasons given in the affidavit of defense are condensed to three contentions, namely, (1) plaintiff cannot recover upon the contract averred and the loss claimed; (2) plaintiff cannot recover upon rescission by her until she has made or offered to make restitution to the plaintiff for the fruits of the contract enjoyed to date of rescission; and (3) no such breach of contract by defendants as will justify the plaintiff in rescinding the contract is averred.

It appears from the statement of claim that the contract was fully performed so far as it concerns plaintiff's husband. It is also apparent that the contract comprehended maintenance and support for two individuals. Consequently, the situation is the same as if a separate and distinct contract had been entered into with each separately. It follows, therefore, that plaintiff is not entitled to recover the entire consideration paid defendants. This position is apparently conceded in plaintiff's brief, but she contends that at the trial defendants may show what they expended on her and her husband. The difficulty is that plaintiff does not state her claim as a claim for damages arising out of a breach of the contract. She claims repayment and return of the entire consideration. In our opinion, this is not the proper measure of damages under the circumstances of the case. However, a defective averment of damages is capable of correction and does not entitle defendants to judgment: Leonard Seed Co. v. Lustig Burgerhoff Co., 85 Pa. Superior Ct. 381, 383. The statement of claim states a cause of action and, where such is the case, defects in the statement which are susceptible of correction do not warrant entry of judgment under section twenty of the Practice Act of May 14, 1915, P. L. 483: Rhodes v. Terheyden et al., 272 Pa. 397; Seaman v. Tamaqua National Bank, 280 Pa. 124. Plaintiff can recover upon the contract averred, but she will be required to state her claim for damages in different form.

We do not think plaintiff is required to make restitution to defendants for the value of the services rendered her and her husband. This is not a contract of sale which has been fully executed. Plaintiff has paid defendants everything to which they are entitled and it would be a strange doctrine which would require her to make an additional payment to them before permitting her to recover for their breach of the contract.

It is alleged in the statement that defendants failed, neglected and refused properly to maintain and care for plaintiff; that they told her she was in the way and that they had enough work to do without her; that they encouraged their children to be unkind and disrespectful to her; and by a studied course of neglect and insult made her life with them impossible and unbearable. This states the breach of the contract in a concise and summary fashion, which is the requirement of the Practice Act. It would be impossible to comply with the act and to state every specific incident. Besides, this could hardly be done without stating evidence rather than facts. Before plaintiff would be justified in rescinding the contract she must show harsh and unbearable treatment: Tuit v. Smith, 137 Pa. 35; but this is exactly what plaintiff avers. We are not concerned now with the proof on this point.

From what has been said, the affidavit of defense raising questions of law must be overruled, but plaintiff will be directed to amend her statement of claim respecting the damages claimed.

And now, February 23, 1932, the affidavit of defense raising questions of law is overruled and plaintiff is allowed fifteen days from this date in which to file an amended statement of claim in accordance with the views expressed in this opinion.

· From M. M. Burke, Shenandoah, Pa.