Moffett, Appellant, *v.* Pennsylvania Manufacturers'
Association Casualty Insurance Company.
Houck et al., Appellants, *v.* Same.

Argued November 14, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIDGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Thomas D. Caldwell,* of *Caldwell, Fox & Stoner,* with him *Joseph B. Wissler,* for appellants.

*Paul A. Mueller,* of *Windolph & Mueller,* for appellee.

OPINION BY KELLER, P. J., December 13, 1939:

It is well settled that judgment should not be entered in favor of a defendant on a question of law, raised in lieu of demurrer under section 20 of the Practice Act of 1915, P. L. 483, unless it is clear that a good cause of action cannot be made for plaintiff by amending the statement: *Rhodes v. Terheyden,* 272 Pa. 397, 116 A. 364; *Leonard Seed Co. v. Burgerhoff Co.,* 85 Pa. Superior Ct. 381, 383; *Geiger v. United States F. & G. Co.,* 121 Pa. Superior Ct. 554, 558, 184 A. 464.

These actions of assumpsit were brought by the respective plaintiffs against the defendant insurance company to recover the amounts of certain verdicts rendered

against the plaintiffs in actions growing out of an automobile collision, under a combination automobile policy issued by defendant to the plaintiff Houck and Ilgenfritz, partners trading as Franklin Service Garage Company, as the assured.

The policy, inter alia, assumed certain risks: "Clause One, Liability. Against Loss and/or Expense by Reason of the Liability Imposed upon the Assured by law for damages on account of bodily injuries and/or death accidentally suffered, or alleged to have been suffered, by any person or persons not hereinafter excepted, resulting from the ownership, maintenance and/or use ...... of the automobile (or automobiles) described herein, provided such accidents occur while this policy is in force, and provided further that:" (here follow conditions not necessary to be stated, except that accidents to the assured's domestic or household servants, or to other of their employees arising out of and in the usual course of the business of the assured, and obligations imposed by Workmen's Compensation Law, were excluded).

"Clause Two, Property Damage. Against Loss and/or Expense ...... by Reason of the Liability Imposed upon the Assured by law for damages on account of damage to or destruction of property of every description (except property of the Assured or in charge of the Assured or any of his employees or carried in or upon the automobile covered hereby) caused, or alleged to have been caused, by an accident due to the ownership, maintenance and/or use ...... of the automobile described herein, provided such damage or destruction occurs while this policy is in force ......"
It also contained the following special provision:

"Additional Interest. Subject otherwise to all provisions of the policy, it is agreed that—while any automobile (or automobiles) covered under Clauses One and Two of the policy is being used with the express or implied consent of the named Assured ...... —any insurance granted under said Clauses One and Two of

the policy shall, in addition to the named Assured, inure to the benefit of any person riding in said automobile as well as to the benefit of any person, firm or corporation responsible for the operation of said automobile (excepting always a public garage, automobile repair shop and/or sales agency and/or service station and agents and employees thereof) ......

"The unqualified term 'Assured' wherever used in this policy, shall include in each instance any other person, firm or corporation entitled to the benefits of the provisions and conditions of this paragraph, but the qualified term 'named Assured' shall apply only to the Assured named and described in the Declarations."

By a rider, the following Automobile Sales Agency, Public Garage and Automobile Service Station Endorsement was added:

"In consideration of the premium at which the undermentioned policy is issued, it is understood and agreed that it is the purpose of the said policy to cover the liability of the Assured, as therein defined and limited, arising out of bodily injuries by accident, whether resulting fatally or otherwise, suffered by any person or persons not in the employ of the Assured, by reason of the following:

"(1)  Work usual and necessary to the operation and maintenance of an automobile sales agency, public garage and/or automobile service station at the premises described in Statement 5 of the Schedule ......

"(2)  The operation of any style, type or make of automobile ...... in connection with the Assured's business as described in Statement 4 of the Schedule and for pleasure use, but not the carrying of passengers for a consideration, or the renting or hiring of automobiles to others ...... except such transportation or delivery of goods or merchandise for prospective purchasers as is strictly incidental to the demonstrating and sale of automobiles.

"It is understood and agreed, however, that the Policy shall only apply while work is being done by, or auto-

mobiles are being operated by or are in charge of the Assured or employees of the Assured whose earnings are or will be included in the basis of premium computation ......"

The statements, inter alia, averred, in substance, that while the policy was in force, Houck, one of the partners of the assured firm made arrangements with Moffett, plaintiff in the other action, to have him take a rear axle to *Moffett's home* in a car belonging to the assured firm and on their business; and that while Moffett was driving the car, it came into collision with an automobile belonging to York Motor Express Company; and that at the time of said accident, the automobile of the assured firm was being operated on the assured's business by Moffett, "in charge of the assured."

The court below after ruling against certain positions taken by defendant, went on to say: "The third question is that judgment must be entered in favor of the defendant because the statement of claim does not aver or allege that W. K. Moffett was an employee of the plaintiffs 'whose earnings are or will be included in the basis of premium computation' on the defendant's insurance policy. The policy provides: 'It is understood and agreed, however, that the Policy shall only apply while work is being done by, or automobiles are being operated by or are in charge of the Assured or employees of the Assured whose earnings are or will be included in the basis of premium computation.' In interpreting this clause in the policy the earnings refer to employees of the assured, but not where the 'automobiles are being operated by or are in charge of the assured.'

"An affidavit of defense raising questions of law 'necessarily admits to be true' the averments of the statement of claim. *Franklin Sugar Refining Company v. Lykens Mercantile Co.*, 274 Pa. 206. Paragraph 10 of the statement avers: 'At the time of the said accident, the automobile of F. Wendell Houck was being operated by

W. K. Moffett in charge of the assured.' However, plaintiffs in their statement of claim aver other facts explanatory of the phrase 'in charge of the assured'. In paragraph 8 of the statement of claim it is averred: 'On said August 17, 1936, F. Wendell Houck, one of the plaintiffs herein, made arrangements with one W. K. Moffett to have the said W. K. Moffett take a rear axle in a car belonging to F. Wendell Houck to Moffett's home, upon the business of the plaintiffs.' There appears to be no Pennsylvania case interpreting the meaning of 'in charge of'. In Words & Phrases (Fourth Series), Volume 2, Page 284, the phrase 'in charge of' is defined as follows: 'In the care or custody of or intrusted to the management or direction of,' citing *Houston Oil & Transport Co. v. Aetna Ins. Co.,* 36 Fed. (2d) 69, 71. It is self-evident under the pleadings in this case that the automobile involved in the accident was not in charge of the assured or any of their employees, but was in charge of W. K. Moffett. It is not averred that the latter was an employee or in any way connected with the assured ......

"The rule is well settled that it is only in clear cases that a summary judgment can be properly entered on the pleadings. If the defect in the statement of claim is amendable and if it is evident that a better statement of facts could show an enforceable claim, the court should allow an opportunity to amend. On the contrary where it is apparent that recovery could not be had under the facts set forth in a plaintiff's statement of claim and that no material fact was omitted therefrom, a trial to establish such facts is not necessary. In the instant case the plaintiffs' statement shows the factual situation. Plaintiffs allege that F. Wendell Houck, one of the plaintiffs herein, arranged with W. K. Moffett to deliver in Houck's automobile a rear axle to Moffett's home; and that the collision occurred between Lancaster and Coatesville while the car was being driven by Moffett. The additional averments that the automobile was in charge of the assured and was

used upon plaintiffs' business cannot alter those ultimate facts. There is no averment that any one of the [assured] plaintiffs or their employees drove, occupied or controlled its operation. Accordingly, the court concludes as a matter of law that the plaintiffs are not entitled to recover under the terms and provisions of the insurance policy."

Appellants' counsel contended on the argument that the learned court below was not justified in its conclusions, (1) "It is self evident under the pleadings in this case that the automobile involved in the accident was not in charge of the assured or any of their employees, but was in charge of Moffett"; and (2) "The additional averments that the automobile was in charge of the assured and was used upon plaintiffs' business cannot alter those ultimate facts. There is no averment that any one of the [assured] plaintiffs or their employes drove, occupied or controlled its operation." But they refrained from stating either that a member of the assured firm, or any one of their employees was in the automobile at the time it was being driven by Moffett and when the collision resulting in the damage verdicts above referred to occurred.

We think the language used in the plaintiffs' statements may be construed to justify the conclusions of the court below, in the light of the prior and subsequent averments of fact, taken in connection with the want of any definite averment that Moffett was accompanied on the trip by one of the assured partners or one of their employees; but in order that no possible injustice may be done the plaintiffs, we think a conditional judgment of affirmance should be entered. Certainly the ends of justice do not require a reversal, unless the plaintiffs can expressly state a case within the provisions of the policy.

Accordingly it is ordered, adjudged and decreed that the judgments of the court below be severally affirmed, subject to the condition that if the respective plaintiffs, within fifteen days after the return of the record to the

court below, file in that court an amendment to his or their respective plaintiff's statement, signed and sworn to by him or them, under oath, averring that W. K. Moffett was accompanied on the trip to his home, when the collision occurred, by one of the assured firm, naming him, or by one of the assured's employees, naming him, then on notice to this court to that effect, certified by the prothonotary of the court below, the several judgments of affirmance will be revoked and the judgments of the court below will be reversed with a procedendo.

ORDER UPON PETITION FOR RE-ARGUMENT, January 9, 1940. By the Court: KELLER, P. J.

Our opinion was directed to the principal ground for appeal argued by counsel for appellants, but in our conditional affirmance of the judgment, we impliedly passed upon all matters raised by the appellants in their brief. That they neglected to discuss the meaning of the phrase 'in charge of the assured', which was considered by the court below in its opinion, is not ground for a re-argument. However, the petition for a re-argument now makes it plain that neither the named assured nor any of their employees were with Moffett when he was driving their automobile for the purpose of taking an axle to his (Moffett's) home, in the course of which the accident occurred. We are satisfied that while the car was being used on this trip by Moffett, who was not an employee of the assured, even though it was done with the permission and authority of the assured and according to full instructions given by them, it was not "being operated by or in charge of the assured or employees of the assured whose earnings are or will be included in the basis of premium computation," within the coverage of the policy.

The other ground for re-argument is not supported by the plaintiffs' statements, which only referred to the entry of an appearance by counsel for the defendant in the damage suits growing out of the accident and the subsequent withdrawal of the same by leave of court

thirteen days later, as basis for a claim for counsel fees due the attorneys whom they were required to employ. But considering the matter as if properly pleaded, we are in accord with the disposition of it by the learned court below in its opinion entering judgment for the defendants.

Re-argument refused.