## Sky et al. *v.* Keystone Mutual Casualty Company, Appellant.

Argued October 28, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*David A. Saltzburg,* with him *Morris W. Kolander* and *Robert C. Haberstroh,* for appellant.

*Horace Michener Schell,* with him *Paul E. Beaver,* for appellees.

OPINION BY RHODES, J., December 11, 1942:

In this action in assumpsit defendant appeals from a judgment entered in favor of plaintiffs for want of a sufficient affidavit of defense.

Plaintiffs' statement of claim, filed on June 16, 1941, averred that defendant insurance company, on September 6, 1938, issued to one Robert E. Kough a "motor vehicle operator's policy" of liability insurance, and filed with the Secretary of Revenue an "operator's policy certificate,"[1] and that Kough was thus insured in the language of the Act of May 15, 1933, P. L. 553, §1 (d), as amended by the Act of June 25, 1937, P. L. 2097, §1, 75 PS §1253 (d),[2] and known as the Uniform

---

[1] "Insurance policies, in order to constitute proof of financial responsibility under this act, shall be subject to the provisions hereinafter stated; and any insurance carrier which executes a certificate that it has issued a motor vehicle operator's policy or a motor vehicle liability policy for the purpose of enabling any person to furnish proof of financial responsibility hereunder shall be conclusively presumed to have issued the policy mentioned in such certificate subject to such provisions whether or not they are set forth therein." 75 PS §1258.

[2] " 'Motor vehicle operators' policy' means a policy of liability insurance insuring the person named therein to the amounts or limits hereinafter specified against loss from the liability imposed by law upon the insured for injury to or death of any person other than the insured and such persons as may be covered as

Automobile Liability Security Act (75 PS §1276). The statement. further averred that on February 27, 1939, plaintiffs instituted an action in trespass against Kough to recover for damages incurred on December 18, 1938, while Kough was negligently operating a motor vehicle; that in such action judgment was entered on the verdict in plaintiffs' favor; and that being unable to obtain satisfaction from Kough they brought this suit in assumpsit against defendant while the policy of insurance was in full force and effect. See section 6 (a) of the Act of 1933, as amended, 75 PS §1258(a).

After defendant's affidavit of defense raising questions of law was overruled, it filed an affidavit of defense to the merits in which it substantially admitted all the averments in the statement of claim, but alleged under new matter that the damages to plaintiffs' motor vehicle, for which plaintiffs are here seeking recovery, were incurred while the motor vehicle was operated unlawfully by Kough and without the consent or permission of plaintiffs, and that the motor vehicle was "in charge of" Kough within the meaning of the act (75 PS §1253 et seq.). Plaintiffs filed a reply. Thereafter, on plaintiffs' rule, judgment was entered against defendant on the pleadings. See *Hess et al. v. Merion Title & Trust Co. et al.,* 317 Pa. 501, 506, 507, 177 A. 53.

In brief, the admitted facts are that the insured Kough was operating plaintiffs' motor vehicle, without the consent or permission of plaintiffs, when it was damaged as the result of his negligent operation, and that plaintiffs' judgment against the insured being unsatisfied after execution this action was then brought against defendant insurer.

---

respects such injury or death by any workmen's compensation law, and for damage to property other than property of others in charge of the insured, or of his employes or other agents, arising out of the operation by the insured of any motor vehicle ......"
75 PS §1253 (d).

By defendant's action Kough was given the privilege to operate a motor vehicle upon our highways. This privilege was granted because defendant had made it possible for Kough to comply with one form of proof of financial responsibility under the Uniform Automobile Liability Security Act, 75 PS §1253 et seq. As alternatives Kough might have given a bond or deposited cash as evidence of his ability to respond in, damages "arising out of the ownership, maintenance, use, or operation by [him] of a motor vehicle." See section 2 (c), (d), of the Act of 1933, as amended, 75 PS §1254 (c), (d). The protection intended by the act is the same regardless of the method of compliance.

Defendant contends that to allow recovery against it "where the insured has committed a criminal act would be in violation of a sound public policy and not in accordance with the purpose and intent of the act."

We do not think the fact that the insured may have committed a crime in the acquisition of plaintiffs' motor vehicle is material to defendant's responsibility under the operator's policy certificate. The damages arose out of the operation of the vehicle by insured. He may even have violated the law in the method of operation, i.e., by reckless driving, and still defendant would not be relieved of liability because of any public policy against the underwriting of a criminal act.

In *Brower, to use, v. Employers' Liability Assurance Co., Ltd.,* 318 Pa. 440, at page 442, 177 A. 826, at page 827, involving the coverage of a policy of indemnity insurance, it was said: "The policy of insurance was unquestionably intended to indemnify the insured against liability resulting from an accident due to the use or operation of the car. It does not matter under what circumstances that liability might arise. The insured may even be protected against acts of the driver or his own acts that may involve a criminal statute; generally accidents are due to the violation

of some law legislatively declared as of criminal aspect, as, for illustration, fast or reckless driving, but insurance policies have always been treated as effective and valid under those circumstances." See *Laroche v. Farm Bureau Mutual Automobile Insurance Co.*, 335 Pa. 478, 7 A. 2d 361.

It seems clear that the Act of 1933, as amended, 75 P.S §1253 et seq., seeks to assure all persons who have recovered judgments against operators who are required to conform to the act that such judgments, within the statutory limits, will be paid, and that this will be done without regard to the ownership of the motor vehicle involved, and without regard to the manner in which it was secured, except as provided in section 1 (c) of the act, 75 P.S §1253 (c).[3] We think this conclusion springs from the provisions of the act itself, and that this interpretation is in accord with its general scope. "Operator" is therein defined as the person "in actual physical control of a motor vehicle

---

[3] In *Behaney et al. v. Travelers Ins. Co.*, 3 Cir., 121 F. 2d 838, at page 840, the following is quoted from the prefatory note of the Uniform Law Commissioners, who drafted this type of legislation:

" 'The draft here presented seeks to eliminate irresponsible operators largely through control of operators' licenses and by requiring operators to carry insurance covering any accident in which they may be involved while driving any automobile. This, in our judgment, will be much more effective than a requirement that under certain circumstances the owner of automobiles must carry insurance covering the motor vehicles owned by him. This later type of insurance is of no avail when an operator is driving for his own purposes a car not owned by him. On the other hand a policy covering the operator, regardless of the ownership of the car which he is operating, provides full protection, within the limits of the policy, in the event of any accident occurring while the insured is at the wheel. ...... Adequate protection can be obtained only by requiring him to be insured against liability arising out of his operation of a motor vehicle no matter whose motor vehicle it may be.' 11 Uniform Laws Annotated p. 127."

upon a highway" (section 1 (e), Act of 1933, as amended, 75 PS §1253 (e) ); and the damages to be compensated may arise "out of the operation by the insured of any motor vehicle" (section 1 (d) of the Act of 1933, as amended, 75 PS §1253 (d) ). Again, in section 1 (i) of the act, 75 PS §1253 (i), it is said that: " 'Proof of financial responsibility' means evidence in a form authorized by this act of ability to respond in damages, resulting from the operation or ownership of a motor vehicle ......" Unless some reason appears for limiting the scope of the general words used in the act, those words will be given their ordinary and common meaning. See Statutory Construction Act of May 28, 1937, P. L. 1019, §§33, 51, 46 PS §§533, 551.

Defendant further contends that one who is in physical control of a motor vehicle is " in charge of" it within the act's intendment. Section 1 (d) of the Act of 1933, as amended, 75 PS §1253 (d), excludes from its benefits damage to "property of others in charge of the insured, or of his employes or other agents."

In *Moffett v. Pennsylvania Manufacturers' Association Casualty Ins. Co.*, 137 Pa. Superior Ct. 569, at page 574, 10 A. 2d 579, at page 581, we said: "There appears to be no Pennsylvania case interpreting the meaning of 'in charge of.' In Words & Phrases (Fourth Series), Volume 2, Page 284, the phrase 'in charge of' is defined as follows: 'In the care or custody of or intrusted to the management or direction of,' citing *Houston Oil & Transport Co. v. Aetna Ins. Co.*, 36 Fed. (2d) 69, 71."

We are of the opinion that when the act in question in section 1 (d), as amended, 75 PS §1253 (d), refers to "property of others in charge of the insured," it does not mean mere "possession"; and that property is not in charge of the insured unless he has the right to exercise dominion or control over it. See *Cohen &*

*Powell, Inc., v. Great American Indemnity Co.,* 127 Conn. 257, 16 A. 2d 354, 131 A.L.R. 1102. Admittedly, Kough did not have permission or any right or authority to use plaintiffs' motor vehicle, and no duty or obligation had been imposed upon him by the owners in connection therewith. He was a trespasser on the personal property of plaintiffs, and it cannot be said that he was "in charge of" it as those words are used in section 1 ,(d) of the act, 75 PS §1253 (d).

Judgment is affirmed.