Frank Del Vecchio, J.
This is a motion by plaintiff for summary judgment in an action brought on a policy of insurance issued by defendant by which plaintiff seeks a judgment deelar *991 ing that his insurer must defend an action brought against him by one Carmella Morabito or must pay for damages which are the basis of that action.
On April 22, 1961 plaintiff was involved in an accident while operating the automobile of Miss Morabito without her permission or consent. Thereafter, the owner commenced an action against plaintiff to recover the sum of $945, representing the damage to her 1956 Oldsmobile in the accident. Plaintiff notified defendant insurance company forthwith of the service of process but was advised by the latter that it was disclaiming liability under an exclusion contained in the “ Allstate Crusader Policy ” which it had issued to plaintiff. The provision in question is included in section I, Part I, which covers “Automobile Liability Insurance ”, under the heading “ Exclusions — what this policy does not cover.” It is there stated: “ This Part 1 does not apply to: * * * 7. injury to or destruction of property owned by, rented to, in charge of, or transported by the insured, except a residence or private garage so rented.”
The sole question presented by the parties is whether, at the time of the accident, plaintiff was “ in charge of ” the Morabito vehicle, so as to exclude coverage by defendant’s policy. Plaintiff asserts that the quoted language requires something more than a mere physical possession; that it connotes a placing of responsibility in one person by the act of another which of course did not exist in this instance where plaintiff merely took the car without even the knowledge of the owner. He further argues that, even if this interpretation of the critical phrase is not accepted, the language of the contract is ambiguous and therefore must be construed strictly against the insurer.
Defendant, on the other hand, offers as its principal argument the claim that since the damage here sustained would have been covered under the “Automobile Collision Insurance” portion of its policy (which plaintiff had not purchased), it is not covered by the protection plaintiff did secure. It also asserts that the phrase “ in charge of ” is clear and unequivocal and does not include any element of legality or permission.
Neither party has been able to produce a New York case interpreting the language in question. A number of out-of-State decisions have been called to the court’s attention however, all of which when interpreting the phrase * ‘ in charge of ’ ’ have held that there must be an element of permissive use or a voluntary transfer of custody to satisfy this description. (Sky v. Keystone Mut. Cas. Co., 150 Pa. Superior Ct. 613; Cohen & Powell v. Great Amer. Ind. Co., 127 Conn. 257; Speier v. Ayling, 158 Pa. Superior Ct. 404; Moffett v. Pennsylvania Mfrs. Assn. *992 Cas. Ins. Co., 137 Pa. Superior Ct. 569; Houston Oil & Transp. Co. v. Ætna Ins. Co., 36 F. 2d 69; Great Amer. Ind. Co. of N. Y. v. Saltzman, 213 F. 2d 743.)
The case of Sky v. Keystone Mut. Cas. Co. (supra) is factually identical to that now before the court; the insured was operating a car without the consent or permission of the owner when damage resulted to the vehicle; in an action brought to require the driver’s insurer to respond in damages for the driver’s liability the defense asserted was that the occurrence was excluded by a provision of the policy issued under the Uniform Automobile Liability Security Act which excluded damage to an automobile “in charge of” the insured. In passing upon that language, the court said: “We are of the opinion that * * * it does not mean mere ‘ possession ’; and that property is not in charge of the insured unless he has the right to exercise dominion or control over it.” (150 Pa. Superior Ct. 613, 618.) The following statement by the same court is also appropriate:
‘ ‘ Defendant contends that to allow recovery against it1 where the insured has committed a criminal act would be in violation of a sound public policy and not in accordance with the purpose and intent of the act.’
“We do not think the fact that the insured may have committed a crime in the acquisition of plaintiffs’ motor vehicle is material to defendant’s responsibility under the operator’s policy certificate. The damages arose out of the operation of the vehicle by insured. He may even have violated the law in the method of operation, i.e., by reckless driving, and still defendant would not be relieved of liability because of any public policy against the underwriting of a criminal act.
“In Brower, to use, v. Employers’ Liability Assurance Co., Ltd., 318 Pa. 440, at page 442, 177 A. 826, at page 827, involving the coverage of a policy of indemnity insurance, it was said: ‘ The policy of insurance was unquestionably intended to indemnify the insured against liability resulting from an accident due to the use or operation of the car. It does not matter under what circumstances that liability might arise. The insured may even be protected against acts of the driver or his own acts that may involve a criminal statute; generally accidents are due to the violation of some law legislatively declared as of criminal aspect, as, for illustration, fast or reckless driving, but insurance policies have always been treated as effective and valid under those circumstances. ’ See Laroche v. Farm Bureau Mutual Automobile Insurance Co., 335 Pa. 478, 7 A. 2d 361.” (150 Pa. Superior Ct. 613, 616-617.)
*993 In Cohen & Powell v. Great Amer. Ind. Co. (supra) the court said: ‘ ‘ While the word ‘ charge ’ has a very broad and varied meaning (McLaughlin v. Shaw, 95 Conn. 102, 107, 111 Atl. 62), a' person or thing is not ‘ in charge- of 5 an insured within the meaning of the policy unless he has the right to exercise dominion or control over it. This element is present in every illustration of the use of the phrase which comes to mind; for example, a nurse in charge of a child, a warden in charge of a prison, a caretaker in charge of an estate. Steffe v. Old Colony R. Co., 156 Mass. 262, 264, 30 N. E. 1137; People v. Gould, 345 Ill. 288, 323, 178 N. E. 133; 20 Words & Phrases, Permanent Edition, 413. No illustration omitting this element has been suggested by the defendant by citation or otherwise.” (127 Conn. 257, 259-260.)
Defendant has failed to oiler any published opinion, in this or any other jurisdiction, to sustain its claim that mere possession by an insured places a vehicle in his charge. The single case cited by it does not involve the interpretation of any such language and is therefore clearly distinguishable. (State Farm Mut. Auto. Ins. Co. v. Walker, 334 S. W. 2d 458 [Tex.].)
An examination of Webster’s Third New International Dictionary (1961) lends support to the definitions which have been uniformly adopted throughout other jurisdictions. “In the charge or in one’s charge ” is defined as being “ into or under the control or custody”; “ custody ” is defined as “power or authority to guide or manage ” and “ custody ” is “ the act or duty of guarding and preserving (as by a duly authorized person or agency) ”. In none of this language is there any indication that mere physical possession constitutes being “ in charge of ” an article or person; the words “power”, “authority” and “ duty” all connote a degree of responsibility or right, "which is lacking in one who merely appropriates a vehicle to his own use without the consent or permission of the true owner.
On the basis of the cited authorities, there would appear to be no question as to the meaning of the term employed in defendant’s policy. It is not necessary however to go even this far to make the defense which has been asserted untenable. The Court of Appeals has recently had occasion to restate and reaffirm the rules of procedure which apply in actions where an insurer attempts to escape liability by means of an exclusion provision of a policy. In Sincoff v. Liberty Mut. Fire Ins. Co. (11 N Y 2d 386, 390, decided June 12, 1962) defendant sought to include carpet beetles among “ vermin ” as that term was used in an exclusory clause. The court, after pointing out authorities which sustained an interpretation contrary to that urged by *994 the company, said: “ The term, therefore, obviously is capable of more than one meaning. This being so, the doubt in the exclusory clause must be resolved in favor, of the insured. The burden was on the defendant in this case to establish that the term ‘ vermin ’ not only was susceptible of being defined by the average man so as to include carpet beetles, but that such a definition was the only one that could ‘ fairly be placed thereon ’ (Hartol Prods. Corp. v. Prudential Ins. Co., 290 N. Y. 44, 49-50; Bronx Sav. Bank v. Weigandt, 1 N Y 2d 545, 551; see, also, Piliero v. Allstate Ins. Co., 12 A D 2d 130, 134; D’Agostino Excavators v. Globe Ind. Co., 7 A D 2d 483, 485). It was not sufficient for the defendant to demonstrate that a purchaser of the policy involved herein might have construed 1 vermin ’ to include carpet beetles. Defendant, to derive any benefit from the exclusory clause, was obliged to show (1) that it would be unreasonable for the average man reading the policy to conclude that nonparasitic carpet beetles were not vermin and (2) that its own construction was the only one that fairly could be placed on the policy. This the defendant was unable to do.”
The language of the Sincoff opinion applies with equal force to the present situation. Surely, in light of the cited opinions discussed above, all of which were published and available at the date of issue of defendant company’s policy, it is manifestly untenable for defendant to assert that its construction of the phrase “in charge of” — which is not supported by a single reported case — is the only one that fairly could be placed on the policy.
If defendant wished to make possession or operation the basis for exclusion it might have said so. The language it used was ambiguous at best and capable of a definition which would not include mere possession. Such ambiguity must be resolved in favor of the assured. (Fidelity & Cas. Co. of N. Y. v. Groth, 296 N. Y. 788; Sperling v. Great Amer. Ind. Co., 7 N Y 2d 442, 447; Birnbaum v. Jamestown Mut. Ins. Co., 298 N. Y. 305, 313.)
Defendant has agreed that only a question of law is involved in this matter and has made a cross application for summary judgment in its favor. Plaintiff’s motion is therefore granted and he is awarded judgment declaring that defendant is liable under its crusader policy issued to plaintiff either to defend the action commenced by Carmella Morabito or, in the alternative, to make settlement thereof in accordance with the policy. Defendant’s cross application for judgment in its favor is denied.