## Clarence C. Fish v. Nationwide Mutual Insurance Co. et al.

[ 236 A.2d 648 ]

October Term, 1967

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed December 5, 1967

488

*Bloomer & Bloomer* for the plaintiff.

*Kinney & Carbine* for the defendants.

**Smith, J.** Plaintiff brought an action under 12 V.S.A. Chapter 167, the Declaratory Judgment Act, against the defendant insurance company, to the court of chancery for the County of Rutland, to determine liability under an insurance policy issued by the defendant company to the plaintiff, Clarence C. Fish. Plaintiff has brought his appeal here from the Decree below as well as to other rulings and actions taken by the Chancellor.

The plaintiff policyholder was Road Commissioner for the Town of Ira, Vermont, on August 15, 1965, and was the owner of an International truck insured by the defendant company for property damage liability on that date. On the above date the plaintiff went to a gravel

pit on the land of one Earl Parkman in the Town of West Rutland for the purpose of obtaining gravel to resurface town highways. The truck was driven by Francis Bersaw, an employee of the Town of Ira.

In the gravel pit there was a shaker screen so-called, a large cumbersome apparatus, owned by Wilk Bros. Inc., which obstructed the passageway of the truck of the plaintiff to the point where the gravel was to be loaded.

The owner of the pit, Mr. Parkman, informed plaintiff that he had been authorized by Wilk Brothers to move the screening device if it obstructed the removal of gravel from the pit.

Mr. Parkman told plaintiff that if the device was in his way to hitch on his truck and move it. The truck was hitched by a chain to the shaker screen and with Bersaw driving the truck, towing of the screen was started. After being towed for a short distance, the exact extent being disputed, the screen toppled over and suffered damage.

As a consequence of the accident, Wilk Bros. Inc., brought suit against Fish, the plaintiff here. Plaintiff called upon the defendant Nationwide Mutual Insurance Company to defend him in said action, and to pay any judgment against him under Nationwide Mutual Insurance Company, policy 51–514–029. Upon being notified by the defendant that it would not provide a defense for the plaintiff, and that it disclaimed any and all liability to the plaintiff or the Town of Ira under the terms and conditions of the policy, plaintiff brought this action for a declaratory judgment.

The clause in the insurance policy issued to the plaintiff which the defendant claims relieves it from liability under the policy is Subdivision (f) of the Exclusions:

"THIS POLICY DOES NOT APPLY: Under Coverage E, to injury to or destruction of property owned or transported by the Insured, or property rented to or in charge of the Insured other than a residence or private garage injured or destroyed by a private passenger automobile covered by this policy."

Two issues are presented for our consideration. The first such issue is "Can an Issue or Fact, or a mixed issue of law and fact, be removed from consideration by jury unless waived in writing by any party desiring jury trial, all under 12 V.S.A. Sec. 4719 as amended?" 12 V.S.A. Sec. 4719 reads as follows:

"When a proceeding under this chapter involves the determination of an issue of fact, or a mixed issue of law and fact, such

issue may be tried in the court in which the proceeding is pending and determined in the same manner as issues of fact and mixed issues of law and fact are tried and determined in other civil actions, with the right to trial by jury thereon preserved to the parties, unless waived in writing."

■ Our first task must be to determine if any factual questions required determination in the cause as tried below, for if only questions of law are presented on trial of a declaratory judgment action, such questions, as in all civil causes, are for the determination only of the court. 22 Am.Jur.2d, Declaratory Judgments, Sec. 95, p. 960. This question is presented by considering the correctness of the chancellor's dismissal of the jury in the trial below.

Such dismissal was made somewhat prematurely after motions for verdicts directed in their favor were made by both plaintiff and defendant. Both parties rested after the presentation of the evidence by the plaintiff. The only conflict in the evidence presented was as to the number of feet which had been travelled by the screen shaker before it overturned, which varied in the testimony from 7 to 20 feet. Although the plaintiff claims that a determination of the exact distance that the shaker screen was moved was an important question of fact in the case, calling for a jury determination, we find it an immaterial determination on the questions presented, as the opinion will disclose.

■ No dispute is found in the evidence that plaintiff Fish was given permission to move the shaker screen by the pit owner, who had been given authority over the screen while in the pit by Wilk Brothers, the owners of the device. There is no dispute but that the shaker screen was moved by the truck of Fish, nor that Bersaw was driving the truck at the time of the accident. The only questions for determination were whether plaintiff was "transporting" the shaker screen, or that it was "in charge of the Insured" at the time of the accident. There being no factual question on the material circumstances which led to the accident, the only question to be determined was whether, under such circumstances, as a matter of law, the plaintiff should be denied coverage under the terms of the policy issued to him by the defendant. The chancellor was correct insofar as removing the case from the consideration of the jury.

■ The first question presented here on the interpretation of 12 V.S.A. Sec. 4719 is not raised by the substance of the proceed-

ings below. We do not consider questions which are not so raised. *Powers* v. *State Highway Board,* 123 Vt. 1, 5, 178 A.2d 390.

█ █ The chancellor was also correct in refusing to grant either motion for a directed verdict moved by the respective parties. The relief sought in a proceeding under the Declaratory Judgment Act is a declaration of the respective rights of the parties within the issues presented. 12 V.S.A. Sec. 4711. The function of a jury in such proceedings is to answer the questions of fact, or mixed law and fact, submitted to it by the court, to aid the court in its declaration of the rights of the parties, and not to render a verdict upon which a judgment is predicated. It is the declaration by the court, either affirmative or negative in form and effect, which has the force and effect.

After dismissing the jury and denying the motions for directed verdicts, the chancellor proceeded to make findings of fact and issued a decree which dismissed the plaintiff's bill of complaint. The findings, summarized, are to the effect that the chancellor finds that the undisputed evidence is that plaintiff was transporting the screening plant, and that such plant was in his charge at the time of the accident.

The determination of law made by the chancellor in Finding No. 11 is that the plaintiff "came within Subsection (f) of the 'Exclusions' of said insurance policy No. 51–514–029 (Pl.'s ex. 1) as follows: THIS POLICY DOES NOT APPLY: '(f) under Coverage E, to injury or destruction of property owned or transported by the insured * * *' " which in effect, is that the defendant is under no duty to afford coverage to the plaintiff under the terms of the policy.

█ █ The determination of liability under policies containing exclusions of liability for damages to property in charge of the insured depend upon the facts of the individual case. The questions presented here are: (1) Was the screening plant being "transported" by the plaintiff, and (2) was the plant "in charge" of the insured, at the time it received damage, so as to allow the insurance company to reject coverage of the plaintiff under the policy.

"Since these liability policies are drafted by the insurer, it is not unreasonable, having in mind that the policies are sold as shields against liability claims, to construe the terms of the agreement as broad as its intended purpose, and giving its language appropriate breadth of meaning." *American Fidelity Company* v. *North British,* 124 Vt. 271, 274, 204 A.2d 110, 112.

492

Under the exclusionary clause of the policy applicable here we are concerned only with whether the plaintiff was transporting the screening plant or that it was in his charge, at the time the screen was damaged.

In considering the use of the word "transported" in the insurance policy here under consideration we must take it in the sense conveyed to the ordinary reader.

"The insurer most familiar with the subject chooses the words of his undertaking, and it is not unjust to take them in the sense conveyed to the ordinary reader, nor to hold against him in case of real substantial doubt." *Griswold* v. *Metropolitan Life Ins. Co.*, 107 Vt. 367, 380, 180 A. 649, 656.

Webster's Third New International Dictionary defines "transported" as "carried or moved from one person or place to another." No contention is made here that the plaintiff transported the screening plant from one person to another, for the plant at all times remained the property of Wilk Bros. Inc., and in the custody of the owner of the gravel pit who had permission to move the same if necessary.

What the defendant insurance company does assert is that the screening plant was moved from one place to another. The undisputed evidence, and the findings made below, are that the screening plant was not moved by the plaintiff more than 20 feet from where it had last been left. The intention of the plaintiff was not to move it from the gravel pit, which was the locality and the physical place in which the screening plant was located, but only to move it within the limits of that space.

Place is defined as an area, or a locality used for a special purpose. Webster's Third New International Dictionary. The gravel pit was such a special locality, where gravel could be obtained for the operation of the screen shaker. The screening plant had been placed in the gravel pit and it still remained in the pit after it had been damaged. It has never moved from the area in which it had been placed for the purpose of screening the gravel obtainable there. The sense conveyed to the ordinary man by "transported" would be the carrying of an object from one locality to another locality, distant and different from the first. Only the narrowest of interpretations could hold that an object moved for convenience from one spot to another in the same

place could be said to have been "transported" under the policy. Such is not the sense that would be conveyed to the ordinary reader of the policy. The chancellor was in error in holding that as a matter of law the plaintiff was transporting the gravel screen at the time of the accident.

In the recent case of *Mallory* v. *Vt. Mutual Fire Ins. Co. et al*, 126 Vt. 237, 239, 226 A.2d 901, this Court construed the words "in charge of" appearing in a policy of automobile insurance. It is there stated that "property is 'in charge of' an insured within the meaning of the exclusion clause when such property is in the possession and control of the insured." The phrase "in charge of" has also been defined as "in the care and custody of, entrusted to the management or direction of." *Houston Oil and Transport Co.* v. *Aetna Ins. Co.*, D.C., 36 F.2d 69, 71; *Moffett* v *Pennsylvania Mfrs. Ass'n Cas. Ins. Co.*, 137 Pa. Super. 569, 10 A.2d 579, 581.

The management of the gravel screen had been given by Wilk Bros. Inc., its owner, to the owner of the gravel pit. The possession and control of the gravel screen had not been turned over to plaintiff Fish by the owner of the pit. Fish had only been granted a limited right to remove an obstruction which interfered with his obtaining gravel from the pit, and to move such obstruction within a limited area. The plaintiff here did not have the possession, dominion and control over the gravel screen which in the *Mallory* case was possessed by the plaintiff therein over the automobile that he was freely driving over the public highways. Under the undisputed facts of the case before us, we hold that the plaintiff was not in charge of the gravel screen as defined in the policy at the time of the accident, and the chancellor should have so found.

[    ] The parties were entitled to a declaration of the rights called into question here in accordance with the purposes of declaratory judgment actions. The essential ingredients for a decision on the questions presented are here before us. Therefore, in order to avoid useless protraction of the litigation, we will make final disposition here. *National Advertising Co.* v. *Cooley*, 126 Vt. 263, 269, 227 A.2d 406.

*The entry is "Decree Reversed, and a new Decree issued, granted coverage to the said Clarence C. Fish under said policy of insurance issued by the Nationwide Mutual Insurance Company, policy No. 51–514–029 in the action of Wilk Brothers, Inc. v. Clarence Fish and*

*the Town of Ira, Rutland County Court, Docket No. 20909, and that the plaintiff recover his costs in this Court."*