## Clifton B. Leech, Jr. v. Howard E. Munn and Elizabeth Munn

[285 A.2d 706]

No. 42-71

Present: Shangraw, Barney, Smith and Keyser, JJ., Larrow, Supr. J.

Opinion Filed December 7, 1971

*John A. Burgess,* Montpelier, for Plaintiff.

*Theriault & Joslin,* Montpelier, for Defendants.

**Keyser, J.** The sole issue for review in this case is whether the chancellor erred in overruling plaintiff's motion for a trial by jury on the question of damages.

Plaintiff brought a petition to the chancery court of Washington County under 12 V.S.A. § 4711 of the Uniform Declaratory Judgments Act for a declaration of the rights of the parties arising from a lease purchase contract of real estate owned by the defendants. At that time the plaintiff made a

deposit of Twenty-five Hundred Dollars. The plaintiff did not exercise the option to purchase the property and now seeks in this action to have the lease declared void because of alleged false representations made by the defendants to induce the plaintiff to enter into the agreement. He also seeks to recover the amount of the deposit.

The chancellor, after hearing, made findings of fact in which he found that the defendants made no false or fraudulent representations as alleged by the plaintiff. The court further found that the plaintiff, without the consent of the defendants, tore down an old house on the property in question and stated in its findings that a further hearing should be held to determine the amount of damages to the defendants for the value of the property thus destroyed. It is the value of this building which is in contention by the parties.

Thereafter, the defendants filed only a written request for a further hearing on the question of damages. The issue was not raised by a cross-bill as it should have been but no objection was interposed by the plaintiff. The plaintiff then filed a motion for a continuance (later waived) and a motion for a jury trial on the question of damages if the defendants' motion for a further hearing was granted.

The court heard the parties on their motions April 10, 1970. It granted defendants' motion for a further hearing but reserved a ruling on plaintiff's motion for a jury trial on the damage issue. On August 18, 1970, the court, having previously denied plaintiff's motion with exceptions, went forward with the hearing over plaintiff's objection, issued further findings and entered its judgment order from which plaintiff appealed.

Plaintiff's motion for a jury trial was made under the provisions of 12 V.S.A. § 4719 which reads as follows:

> "When a proceeding under this chapter involves the determination of an issue of fact, or a mixed issue of law and fact, such issue may be tried in the court in which the proceeding is pending and determined in the same manner as issues of fact and mixed issues of law and fact are tried and determined in other civil actions, with the right to trial by jury thereon preserved to the parties, unless waived in writing."

The legislature amended the statute in 1963 by including "mixed issues of law and fact" and added the latter part of the statute "with the right to trial by jury thereon preserved to the parties, unless waived in writing."

We decided *Curtis* v. *O'Brien,* 117 Vt. 52, 84 A.2d 584 (1951), under the statute previous to the 1963 amendment (then V.S. 1947 § 1637). At that time we said at page 57, that the purpose of this section contemplates the determination of disputed issues of fact.

In *Fish* v. *Nationwide Mut. Ins. Co.,* 126 Vt. 487, 491, 236 A.2d 648 (1967), the question of the interpretation of 12 V.S.A. § 4719 was not raised by the substance of the proceedings below and thus not considered. However, the Court said the following in the opinion:

> "The only conflict in evidence presented was as to the number of feet which had been travelled by the screen shaker before it overturned, which varied in the testimony from 7 to 20 feet. Although the plaintiff claims that a determination of the exact distance that the shaker screen was moved was an important question of fact in the case, calling for a jury determination, we find it an immaterial determination on the question presented, as the opinion will disclose."

We held that "There being no factual question on the material circumstances which led to the accident, the only question to be determined was whether, under such circumstances, as a matter of law, the plaintiff should be denied coverage under the policy issued to him by the defendant. The Chancellor was correct insofar as removing the case from the consideration of the jury."

Whether the case at bar comes within the purview of 12 V.S.A. § 4719 depends upon the presence of any factual questions as opposed to law questions, which were required to be determined in the case as tried below.

The amendment to 12 V.S.A. § 4719 made a significant change in the law. The legislature made it very apparent that the policy expressed by the statute was that the court grant a trial by jury where factual issues were present.

In the case at bar the damage issue was purely a factual situation for determination. Counsel for the defendants recog-

nized this fact when the parties argued their motions before the chancellor on April 10. At that time defendants' counsel stated, "Well, Your Honor in view of Section 4719 I don't think anyone can raise any *bona fide* argument against the right to jury trial, therefore we won't oppose it."

■ The defendants now argue in their brief that the plaintiff waived his right to a jury trial of any issues of fact. This argument is not borne out by the record. The issue of damages was not injected into the case until after the court stated that a "further hearing should be held to determine the amount of damages sustained by the defendants." And when defendants requested a further hearing to be held as suggested by the court, the plaintiff thereafter insisted upon a jury trial on the issue and did nothing to indicate a waiver of his right in this respect. The question of waiver was not before the court below and, so far as the record shows, was not a basis of the denial of plaintiff's motion. See *Pond* v. *Carter*, 126 Vt. 299, 309, 229 A.2d 248 (1967).

■ Under the policy so clearly expressed by the statute and the concession of the parties, the court erroneously denied plaintiff's motion for a jury trial on the question of damages.

*Judgment as to damages is reversed and cause remanded for proceedings not inconsistent with the opinion.*