## 57301. GEORGIA CASUALTY & SURETY COMPANY v. SWEARINGEN et al.

QUILLIAN, Presiding Judge.

The defendant insurance carrier (appellant here) appeals from an adverse judgment rendered in a declaratory judgment action brought by the administrator of its insured's estate.

The question presented was whether the insurance company was obligated for liability coverage to its insured under the following circumstances. Walter Swearingen, now deceased, was the insured. Richard Calley was the owner of a 1973 Oldsmobile automobile. On October 28, 1977, at approximately 8 p.m. at Homerville, Georgia, Richard Calley allowed Walter Swearingen to drive the automobile for the sole and limited purpose of getting to the residence of Swearingen's "girlfriend who lived at Fargo, Georgia, located approximately 30 miles south of Homerville, Georgia, on U. S. No. 441 which highway was the route leading from Homerville to the girl's house. After visiting his girlfriend at Fargo, Walter Swearingen was to return the auto directly to the residence of Richard Calley located directly behind City Hall in Homerville, Georgia. Walter Swearingen had no authority to drive said auto in other than a prudent manner . . . While Walter Swearingen was driving the 1973 Oldsmobile auto of Richard Calley on State Highway No. 187 Southwest of Homerville, Georgia, which said Highway leads from Homerville to Statenville, Georgia, the said automobile, at approximately 2:00 o'clock a. m., on October 29, 1977, was

wrecked and damaged beyond repair."

Calley sued Swearingen's estate for damages to his automobile. Defendant insurance company refused to defend and denied liability under the policy. The insured's estate thereupon brought an action for declaratory judgment requesting that the defendant insurance company be found to be obligated to defend the action brought by Calley and be found liable for the amount of any judgment rendered against Swearingen in such action.

The parties have stipulated the facts we have set out above as well as the policy of insurance. The trial judge, sitting without a jury, entered a judgment in favor of the insured's estate and found that Georgia Casualty & Surety Company is, under the terms of the policy, obligated to defend the civil action and would be obligated to pay any judgment rendered against the insured in the action subject to the applicable policy limits.

The judge made the following conclusions of law: 1) that the word "property" in an exclusionary clause found in the policy did not include a non-owned automobile; 2) that, even if the word "property" did include a non-owned automobile, Swearingen was not "in charge of" the automobile since at the time of the accident he was not driving the automobile within the scope of the permission given; 3) that, even if the exclusion otherwise applied, the financial responsibility law would make the exclusion inapplicable. *Held:*

1. The policy provides: "Persons Insured: The following are insureds under Part I: (b) with respect to a non-owned automobile, (1) the named insured, (2) any relative, but only with respect to a private passenger automobile or trailer, provided his actual operation or (if he is not operating) the other actual use thereof is with the permission, or reasonably believed to be with the permission, of the owner and is within the scope of such permission." The qualifying expressions with regard to permission are with respect only to any relative under (2) and clearly have nothing to do with the named insured. The named insured is covered regardless of whether or not he had permission to use the non-owned automobile.

2. The policy contains a long list of exclusions with

regard to property damage liability. The only one with which we are directly concerned is (i) which reads: "this policy does not apply under Part I . . . to injury or destruction of (1) property owned or transported by the insured or (2) property rented to or in charge of the insured other than a residence or private garage." The trial judge found that the word "property" did not apply to an automobile being driven by the insured. If this were a case of first impression we might be inclined to give some credence to this position. However, the overwhelming weight of authority from all jurisdictions construing this phrase have found the property does indeed include a vehicle being driven by the named insured. See cases in Anno. 10 ALR3d 515.

The crucial issue which must be resolved is the term "in charge of." In two well-reasoned opinions by courts of our sister states it has been held that the language of the exclusion required something more than mere physical possession and that it connoted a placing of responsibility in one person by the act of another. In short, "in charge of" does not mean mere "possession" but implies with the permission of the owner and the right of the insured to exercise dominion or control over it. Sky v. Keystone Mut. Cas. Co., 150 Pa. Super. 613 (29 A2d 230); Klock v. Allstate Ins. Co., 34 Misc. 2d 990 (230 NYS2d 555).

In fact almost all the cases construing the exclusionary language have involved situations in which persons alleged to be "in charge of" the automobile did so with permission of the owner. See Anno., 10 ALR3d 515, 516, § 2.

In this case the parties stipulated that after visiting his girlfriend at Fargo, Swearingen was to return the automobile directly to the residence of Calley; that Highway 441 was the route leading from Homerville to the home of Swearingen's girl and that Swearingen wrecked the vehicle on Highway 187 which highway leads from Homerville to Statenville. The trial judge found as a matter of fact Swearingen was not driving the automobile of Calley with the permission of Calley at the time of the collision but had gone outside the scope of the limited permission given. Under the facts available to us on this record the finding made by the trial judge was

authorized and we will not overturn it. Since at the time of the incident in question the insured was acting outside the scope of permission he did not have permission and was therefore not "in charge of" the automobile. That being true, the exclusionary clause of the policy was not applicable and the insurance company was obligated under the terms of the policy to its insured.

The judgment of the trial court was not error for the reasons assigned.

*Judgment affirmed. Smith and Birdsong, JJ., concur.*

ARGUED FEBRUARY 8, 1979 — DECIDED MARCH 13, 1979 — REHEARING DENIED MARCH 29, 1979 —

*Young, Young, Ellerbee & Clyatt, F. Thomas Young,* for appellant.

*Thomas C. Chambers, III, Blitch & Sutton, Berrien L. Sutton,* for appellees.