## 35792. AUTO-OWNERS INSURANCE COMPANY v. SAFECO INSURANCE COMPANY OF AMERICA.

HILL, Justice.

Meadows Motors, Inc., a new and used car dealer, furnished Mrs. Arnold with a "loaner" automobile while Meadows Motors was repairing her car. Mrs. Arnold was involved in an accident in which the loaner was damaged in the amount of $2,328. Meadows Motors had a policy of insurance with Safeco Insurance Company of America providing, among other coverages, collision coverage on Meadows' loaner automobiles, which policy contained an "other insurance" clause which provided that such collision coverage would be inapplicable or excess if there were any other policy available to the insured.[1]

Safeco paid Meadows for the loss (less the $100 deductible), took an assignment from Meadows and brought this suit against Mrs. Arnold's insurer, Auto-Owners Insurance Company, asserting a claim under a 1976 amendment to the 1974 Georgia Motor Vehicle Accident Reparations (no-fault) Act, Ga. L. 1976, p. 1523; Code Ann. § 56-3405b (e).

Mrs. Arnold's policy with Auto-Owners provided, among other coverages, collision coverage on her automobile and, if her automobile was out of service

---

[1]Safeco's policy provided: "If, applicable to the loss, there is any valid and collectible insurance, whether on a primary, excess or contingent basis, *available to the insured* (in this or any other carrier), there shall be no insurance afforded hereunder as respects such loss; except, that if the applicable limit of liability of this policy is in excess of the applicable limit of liability provided by the other insurance, this policy shall afford excess insurance over and above such other insurance in an amount sufficient to afford the insured a combined limit of liability equal to the applicable limit of liability afforded by this policy. Insurance under this policy shall not be construed to be concurrent or contributing with any other insurance which is available to the insured." (Emphasis supplied.)

for repairs, it provided collision coverage on temporary substitute automobiles subject to certain limitations.[2]

Thus, the Safeco policy issued to Meadows Motors has a provision saying that it is inapplicable, or provides excess collision coverage only, if there is other applicable insurance available to the insured (footnote 1, above). On the other hand, the Auto-Owners policy issued to Mrs. Arnold has a provision saying that, although it covers a temporary substitute vehicle, it does not insure the owner of such vehicle and does not insure the insured (Mrs. Arnold) if the owner has insurance (see footnote 2). Thus, this case does not involve a determination of which of two applicable policies has primary responsibility because neither of the policies here is applicable in this case according to its terms.[3]

The parties are in agreement that the central issue in this case is the 1976 amendment (Ga. L. 1976, p. 1523) to the 1974 Georgia Motor Vehicle Accident Reparations Act (Ga. L. 1974, p. 113). The 1976 amendment, codified in the Annotated Code as § 56-3405b (e), provides as follows: "Each *policy of liability insurance* issued in this State providing coverage to motor vehicles owned by [an

---

[2]Auto-Owners' policy provided: "This insurance does not cover as an insured *the owner of the substitute automobile* . . . This insurance does not apply under Coverages . . . H [collision] . . . to any loss when there is any other insurance which would apply thereto in the absence of this condition whether such other insurance covers the interest of the named insured, the owner of the substitute automobile or any other person or organization, except with respect to damage for which the insured may be legally liable." (Emphasis supplied.) (No effort has been made to show that Mrs. Arnold is legally liable for the damage to the loaned automobile.)

[3]However, statutory provisions form a part of the policy. See *State Farm Mut. Auto Ins. Co. v. Landskroener,* 150 Ga. App. 308, 309 (257 SE2d 376) (1979); see also Code Ann. § 56-3405b (a) (2).

automobile dealer] shall provide that when an accident involves the operation of a motor vehicle by a person who is neither the owner of the vehicle involved in the accident nor an employee of the owner, and the operator of the motor vehicle is an insured under a complying policy other than the complying policy insuring the motor vehicle involved in the accident, primary coverage as to *all coverages* provided in the policy under which the operator is an insured shall be afforded by the policy insuring the said operator and any policy under which the owner is an insured shall afford excess coverages." (Emphasis supplied.) The words "complying policy" refer to a policy complying with the 1974 Georgia Motor Vehicle Accident Reparations Act as amended.

As applied to this case, the 1976 amendment provides in effect that every "policy of liability insurance" issued in Georgia providing "coverage" to vehicles owned by auto dealers shall provide that when an accident involves a loaner (a temporary substitute vehicle furnished by a dealer) driven by a customer[4] and the customer-driver has his or her own insurance protection other than under the auto dealer's policy, primary coverage as to "all coverages" provided by the driver's policy shall be afforded by that policy, and the dealer's insurance shall be excess.

Auto-Owners defended against Safeco's claim, challenging the applicability and constitutionality of the 1976 amendment, Code Ann. § 56-3405b (e). On stipulated facts, both companies filed motions for summary judgment. Plaintiff Safeco was granted summary judgment and Auto-Owners appeals, enumerating three errors. Auto-Owners contends that Code Ann. § 56-3405b (e) is not applicable to its collision coverage, but that if it is, then the section is unconstitutional as containing matter different from that contained in the title to the 1976 Act.

1. Auto-Owners asserts that collision insurance is not included within the phrase "policy of liability insurance"

---

[4] This Code section may also apply to a vehicle being driven by a prospective purchaser on a test drive.

as used in Code Ann. § 56-3405b (e).[5]

Our so-called "no-fault" law is more aptly called the Georgia Motor Vehicle Accident Reparations Act because it provides (Code Ann. § 56-3403b (a)) that motor vehicle *liability insurance* required by the Motor Vehicle Safety Responsibility Act, Code Ann. Title 68C, must provide certain minimum benefits "without regard to fault" (i.e., no-fault benefits) (Code Ann. § 56-3403b (b)). *Standard &c. Ins. Co. v. Davis,* 145 Ga. App. 147, 148 (243 SE2d 531) (1978).

Code Ann. § 56-3405b (a) (2) provides that all insurers which issue motor vehicle *liability insurance* coverage shall include in such policies provisions for at least the minimum no-fault benefits. As was stated by the Court of Appeals in *Standard &c. Ins. Co. v. Davis,* supra, 145 Ga. at 149: ". . . motor vehicle liability insurance policies issued in this state contain two separate, basic coverages, liability and no-fault." Thus the Court of Appeals recognized that "liability policies" in this state are not limited to liability coverage. The *Davis* case is not otherwise applicable here because of the factual differences between these two cases and the 1976 amendment here in issue.

Moreover, Code Ann. § 56-3404b provides for certain optional coverages and § 56-2404b (b) provides that "Each application for a policy of *motor vehicle liability insurance* . . . must contain separate spaces for the insured to indicate his acceptance or rejection of each of the optional coverages listed in subsection (a) . . ." (Emphasis supplied.) Subsection (a) (2) provides for collision coverage. Code Ann. § 56-2404b (a) (2). Collision coverage thus is an optional coverage contemplated within a policy of liability/no-fault insurance. The insured is not required to have such coverage, but where he or she elects to do so, that coverage becomes part of the insurance policy.

More specifically, Code Ann. § 56-3405b (e), the

---

[5] Auto-Owners does not argue, nor could it successfully, that its policy does not provide coverage to a vehicle owned by an auto dealer when used by its insured as a temporary substitute automobile.

section in issue in this case, provides that ". . . primary coverage as to *all coverages* provided in the policy under which the operator is an insured shall be afforded by the policy insuring the said operator . . ." *All coverages* includes not only no-fault but collision coverage in a policy of liability insurance where collision coverage is included in the operator's own insurance policy.

We find that the allocation of insurance coverage and responsibility mandated by Code Ann. § 56-3405b (e) was not intended to be limited to liability insurance but was intended to apply to "all coverages," or at least all coverages required as well as optional under the Georgia Motor Vehicle Accident Reparations Act.

2. Auto-Owners next challenges the constitutionality of Ga. L. 1976, p. 1523; Code Ann. § 56-3405b (e), as violative of what is now Art. III, Sec. VII, Par. IV of the Constitution of 1976 (Code Ann. § 2-1304). Specifically, the defendant asserts that the 1976 amendment contains matter different from what is expressed in the title to the amendment. Ga. L. 1974, p. 113; 1976, p. 1523.[6] In Division 1, we found that optional insurance coverage such as collision coverage is included in the term "policy of liability insurance" as used in the body of the 1976 amendment. We read the words "motor vehicle liability insurance policies" in the title to the 1976 amendment to have the same meaning. In Davis v. Cadillac Mutual Ins. Co., 58 Mich. App. 170 (227 NW2d 275) (1975), it was held that a statute providing requirements for cancellation of automobile liability policies was applicable to a collision and comprehensive coverage policy.

We find that the General Assembly was not misled

---

[6] The title of the 1976 amendment reads (Ga. L. 1976, p. 1523): "An Act to amend the Georgia Motor Vehicle Accident Reparations Act, approved February 23, 1974 (Ga. L. 1974, p. 113), as amended, so as to require the inclusion of certain provisions within certain *motor vehicle liability insurance policies* issued in this State; to repeal conflicting law; and for other purposes." (Emphasis supplied.)

by a strict interpretation of the phrase "motor vehicle liability insurance policies," that the General Assembly knew that it was amending the Motor Vehicle Accident Reparations Act, and that there is no fatal difference between the amendment and its title. "The title of an act need only indicate the general object and subject-matter to be dealt with." *Williamson v. Housing Authority of Augusta,* 186 Ga. 673, 679-680 (199 SE 43) (1938); see also *Central of Ga. R. Co. v. State of Ga.,* 104 Ga. 831 (4) (31 SE 531) (1898). Ga. L. 1976, p. 1523; Code Ann. § 56-3405b (e) is not unconstitutional as being violative of Art. III, Sec. VII, Par. IV of the Constitution.

3. Auto-Owners contends that if Code Ann. § 56-3405b (e) is not applicable to collision coverage, or if that section is unconstitutional, then the limitations in its policy (footnote 2) and the "excess coverage" clause in the Safeco policy (footnote 1) are mutually repugnant and should be disregarded. Because we have held that Code Ann. § 56-3405b (e) is constitutional and applicable to collision coverage, Code Ann. § 56-3405b (e) does apply to and control the Auto-Owners' policy, making Safeco's policy excess, and defendant's third enumeration of error is inapplicable.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 4, 1980 — DECIDED APRIL 8, 1980.

*Kelly, Denney, Pease & Allison, John W. Denney, Joel O. Wooten,* for appellant.

*Page, Scrantom, Harris, McGlamry & Chapman, John T. Laney, III, Tom B. Slade,* for appellee.

