63100. WACO FIRE & CASUALTY INSURANCE COMPANY v. NORTH EAST INSURANCE COMPANY et al.

POPE, Judge.

This appeal is from a declaratory judgment action seeking to determine which insurance company is obligated to provide primary coverage under the provisions of their policies. J. D. McKenzie, in the course of his business as a retail used car dealer, allowed Richard Brown to drive one of his vehicles. Brown was involved in a collision with Ellen Hatcher, who filed suit against him seeking recovery for

the damage to her motor vehicle. At the time of the accident Brown, the operator, was insured by appellant Waco Fire & Casualty Insurance Company. McKenzie, the car dealer, had liability coverage for his dealership vehicles under a policy with North East Insurance Company.

The operator's insurer, Waco, filed a petition for declaratory judgment against the car dealer's insurer asserting that North East was responsible for providing primary coverage under its policy for damages caused in the collision between Brown and Hatcher. The trial court found instead that Waco must provide primary coverage by virtue of Code Ann. § 56-3405b (e) which states: "Each policy of liability insurance issued in this State providing coverage to motor vehicles owned by a person, firm, or corporation *engaged in the business of selling at retail new and used motor vehicles* shall provide that when an accident involves the operation of a motor vehicle by a person who is neither the owner of the vehicle involved in the accident nor an employee of the owner, and the operator of the motor vehicle is an insured under a complying policy other than the complying policy insuring the motor vehicle involved in the accident, primary coverage as to all coverages provided in the policy under which the operator is an insured shall be afforded by the policy insuring the said operator and any policy under which the owner is an insured shall afford excess coverages." (Emphasis supplied.)

Waco on appeal contends that McKenzie is a dealer in *used cars* only, rather than a dealer in *new and used cars* and therefore Code Ann. § 56-3405b (e) is inapplicable. This distinction is without merit. The legislature by enacting this statute intended to mandate the allocation of insurance coverage and responsibility for all retail automobile dealers. See *Auto-Owners Ins. Co. v. Safeco Ins. Co.,* 245 Ga. 558 (266 SE2d 175) (1980). We see no legislative intent to exclude retail dealers who sell only new cars or only used cars. " 'It is laid down as a rule of law that, in order to carry out the intention of the legislature, it is sometimes found necessary to read conjunctions "or" and "and" one for the other. They may be used interchangeably where it may be necessary to carry out the intention of the legislature.' " *Perry v. Perry,* 213 Ga. 847, 852 (102 SE2d 534) (1958). For the foregoing reasons, the judgment of the trial court is affirmed.

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 12, 1982.

*J. Eugene Beckham, Jr.,* for appellant.

*Thomas E. Greer, Lowell S. Fine, Jane Fugate Thorpe,* for appellees.