68646. BARFIELD et al. v. ALLSTATE INSURANCE COMPANY.
(324 SE2d 731)

McMURRAY, Chief Judge.

This is an action for declaratory judgment. On August 5, 1981, defendant Tammy Barfield Lister (Lister) was shopping for an automobile at the place of business of defendant Volkswagen Central, Inc. (Central). Lister had driven to Central in a vehicle owned by her mother, defendant Patricia Barfield (Barfield). Barfield intended to give the vehicle to Lister to use as a down payment or trade in. Central loaned Lister an automobile to drive, while its mechanic examined her vehicle to determine its condition and value. About noon Lister left Central's place of business in the vehicle it had loaned her. Central placed no restriction on Lister's use of its loaned vehicle other than to return it in the evening. Lister had driven only about five miles from Central's place of business when she was involved in a collision. Subsequently, Central filed an action against Lister alleging that she was negligent in driving Central's vehicle and that the damage to Central's vehicle occurred as a result of that negligence.

Plaintiff Allstate Insurance Company is an insurer of two vehicles

(including the proposed trade in vehicle) under a policy issued to Barfield. Lister was arguably an insured under the policy issued to Barfield by plaintiff. (We do not reach the issues argued in the trial court as to whether this is correct.) Plaintiff filed this action for declaratory judgment seeking a determination that it has no duty to defend any litigation arising out of the collision at issue and that none of the defendants is entitled to recover any sum from plaintiff. In addition to the above mentioned defendants named in plaintiff's original complaint, an additional defendant Miller (whose vehicle was damaged in the collision with Lister) was added as a party defendant by order of the trial court.

Following discovery, plaintiff's motion for summary judgment was granted. Defendants Barfield and Lister appeal. *Held*:

1. Defendants argue that former Code Ann. § 56-3405b (e) (now OCGA § 33-34-3 (e), effective November 1, 1982) expresses a public policy that plaintiff, as insurer of Lister, shall afford primary coverage for the damage to Central's vehicle. However, the plaintiff's duty under former Code Ann. § 56-3405b (e) to provide "primary coverage" applies only "as to all coverages provided in the policy under which the operator is an insured." Former Code Ann. § 56-3405b (e) (OCGA § 33-34-3 (e)). The policy issued by plaintiff in the case sub judice and under which Lister is arguably insured provides liability coverage but does not provide collision coverage.

Thus, as the policy issued by plaintiff provided no coverage for property damage to Central's vehicle under the circumstances of the case sub judice there is no duty imposed upon plaintiff by former Code Ann. § 56-3405b (e) (OCGA § 33-34-3 (e)) to provide "primary coverage." *Auto-Owners Ins. Co. v. Safeco Ins. Co.*, 245 Ga. 558, 560 (1) (266 SE2d 175), relied upon by defendants must be distinguished on the facts. In that case the motorist driving the automobile dealer's "loaner" was insured under a policy providing collision coverage.

The liability coverage of the policy issued by plaintiff is rendered inapplicable to the circumstances of the case sub judice by an exclusion which provides that "[t]his coverage does not apply to liability for . . . (7) injury or destruction of property a person insured owns, is *in charge of* or rents . . ." (Emphasis supplied.) Defendants argue that Lister was not "in charge of" Central's vehicle at the time of the collision. However, Lister's testimony reveals that she was in possession of Central's vehicle with the permission of the owner and that no restrictions were placed on her use of the vehicle during the period of time it was to have been in her possession. Under these circumstances Lister was "in charge of" Central's vehicle. *Ga. Cas. &c. Co. v. Swearingen*, 149 Ga. App. 512, 514 (2) (254 SE2d 735). See cases in Annot., 10 ALR3d 515. This conclusion is not altered by application of the doctrine of noscitur a sociis. Compare *Anderson v. Southeastern Fid.*

*Ins. Co.*, 251 Ga. 556 (307 SE2d 499).

2. Defendants argue that public policy as expressed by former Code Ann. § 56-3403b (a) (now OCGA § 33-34-4 (a) (1), effective November 1, 1982) requires that plaintiff's policy provide coverage for Central's vehicle under the circumstances of the case sub judice. The policy issued by plaintiff provides the liability coverage required under former Code Ann. § 56-3403b (OCGA § 33-34-4). We are aware of no statute or case law requiring that an automobile insurance policy provide collision coverage, although we note that collision coverage must be offered on an optional basis. See former Code Ann. § 56-3404b (a) (2) (now OCGA § 33-34-5 (a) (3), effective November 1, 1982). Nor do we find any public policy to this effect expressed in the cases and statutes cited by defendants. See *Anderson v. Southeastern Fid. Ins. Co.*, 251 Ga. 556, 557, supra; *Young v. Allstate Ins. Co.*, 248 Ga. 350 (282 SE2d 115); *Pearce v. Southern Guaranty Ins. Co.*, 246 Ga. 33 (268 SE2d 623); former Code Ann. § 68C-307 (a) (now OCGA § 40-9-37 (a), effective November 1, 1982); former Code Ann. § 56-3403b (a) (OCGA § 33-34-4 (a) (1)).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 8, 1984 —
REHEARING DENIED DECEMBER 5, 1984

*Charles M. Cork III*, for appellants.
*Thomas C. James III*, for appellee.