74104. STANDARD GUARANTY INSURANCE COMPANY
v. GRANGE MUTUAL CASUALTY COMPANY.
(357 SE2d 295)

SOGNIER, Judge.

Standard Guaranty Insurance Company appeals from the trial court's grant of summary judgment to Grange Mutual Casualty Company and denial of its motion for summary judgment in the declaratory judgment action it filed seeking a determination of which insurance company was obligated to provide primary coverage under OCGA § 33-34-3 (e).

The facts are not disputed. Ronald Cody, insured by appellant, was involved in an automobile accident while driving a 1979 Honda

owned by Bing Auto Sales, a used car dealership insured by appellee. Cody was driving the Honda by permission of Otis Bing, Cody's grandfather and an employee of Bing Auto Sales. The night of the accident, Bing had driven the Honda to the home of his daughter (Cody's mother) where Bing was residing during the week. Bing asked Cody to run a personal errand for him and authorized him to drive the Honda in order to accomplish the errand. It is uncontroverted that Cody was not an employee of Bing Auto Sales.

Both parties agree that the resolution of this appeal involves the application of OCGA § 33-34-3 (e) which provides: "Each policy of liability insurance issued in this state providing coverage to motor vehicles owned by a person, firm, or corporation engaged in the business of selling at retail new and used motor vehicles shall provide that, when an accident involves the operation of a motor vehicle by a person who is neither the owner of the vehicle involved in the accident nor an employee of the owner and the operator of the motor vehicle is an insured under a complying policy other than the complying policy insuring the motor vehicle involved in the accident, primary coverage as to all coverages provided in the policy under which the operator is an insured shall be afforded by the policy insuring the said operator and any policy under which the owner is an insured shall afford excess coverages."

Appellant contends the trial court erred in its application of the statute here by ruling that appellant, as the insurer of the operator of the vehicle involved in the accident, was required to provide the primary coverage rather than appellee, the insurer of the vehicle. We note there is no issue before this court as to the nature of the coverage provided by the automobile operator's insurance policy. Compare *Barfield v. Allstate Ins. Co.*, 172 Ga. App. 882 (324 SE2d 731) (1984); *Integon Indem. Corp. v. Canal Ins. Co.*, 256 Ga. 692 (353 SE2d 186) (1987).

Appellant argues OCGA § 33-34-3 (e) was intended by the legislature to apply solely to "loaners" (temporary substitute vehicles furnished by a dealer) and vehicles being test-driven by prospective purchasers. In statutory construction, " '[i]t is fundamental that the determining factor is the intent of the legislature and we look first to the words of the statute to determine what that intent was and if those words be plain and unambiguous and the intent may be clearly gathered therefrom, we need look no further in determining what that intent was.' [Cit.] In fact, 'where the language of an Act is plain and unequivocal, judicial construction is not only unnecessary but is forbidden. [Cit.]' [Cit.]" *Williamson v. Lucas*, 171 Ga. App. 695, 697 (320 SE2d 800) (1984).

The language of OCGA § 33-34-3 (e) does not explicitly or expressly limit the application of the statute to situations involving

loaners or test-driven vehicles. We do not agree with appellant that *Auto-Owners Ins. Co. v. Safeco Ins. Co.*, 245 Ga. 558 (266 SE2d 175) (1980) supports its argument that OCGA § 33-34-3 (e) is applicable solely to loaners and test-driven vehicles. The fact that these are the two examples given in *Auto-Owners* does not mean they are the exclusive situations which are covered by the statute. Although situations involving loaners and test-driven vehicles may be the two most common applications of OCGA § 33-34-3 (e) and may arguably have been the specific situations intended to be covered by the statute, the language of the statute was not drafted in such a limited fashion, but contains language expansive enough to cover the variations on the standard factual pattern which were certain to emerge, though impossible to predict.

Therefore, in the absence of express statutory language or case law limiting the statute to loaner or test-driven vehicle circumstances, we decline appellant's invitation to delimit OCGA § 33-34-3 (e) in such a manner. Accordingly, we affirm the trial court's grant of summary judgment to appellee and denial of summary judgment to appellant.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED MAY 11, 1987.

*Warner S. Fox*, for appellant.
*Robert R. Gunn II, John C. Daniel III*, for appellee.