## A89A1565. INDUSTRIAL INDEMNITY COMPANY v. WALCK.
(386 SE2d 521)

BEASLEY, Judge.

Industrial Indemnity Company insured Coastal Chevrolet Corporation, to which Walck had taken her Camaro for body work. Coastal loaned a Citation to her for use during the repairs.

Walck notified Coastal of vibration in the Citation, and Coastal

advised it merely needed alignment and there was no problem. On the second or third day of use, while driving to work, Walck experienced vibration as she went into a curve. The car spun out of control and rolled, causing a compression fracture of her back. The investigating officer told her a tire had blown.

IIC sought a declaratory judgment that it was not the "primary" insurer and that it was "not liable to [Walck] for benefits under the Georgia Motor Vehicle Reparations Act unless and until benefits provided under her personal coverage are first paid and exhausted." Walck admitted the above paragraph in her answer, but stated that "because it appears that she did not have insurance coverage Coastal Chevrolet Corporation's insurance coverage would be primary and would be required to pay the PIP benefits in question." Although no insurance policies are in the record, Walck's answer admits that she had been notified that her coverage with Cotton States had lapsed for non-payment.

She counterclaimed for the statutory penalty, attorney fees, costs, and punitive damages under OCGA § 33-34-6 (b) & (c) and sought summary judgment on it. The court granted summary judgment as to liability for PIP benefits only, ruling that issues of fact remained as to the amount owed and the statutory penalties and attorney fees.

IIC contends it was error to grant summary judgment on the ground of lapsed coverage when Walck had voluntarily permitted the statutorily required coverage on her automobile to be cancelled. IIC's theory appears to be that it owes no coverage because Walck had no complying policy and to allow her the benefits of IIC coverage would be against public policy. The argument is premised on the language of OCGA § 33-34-3 (e) which provides that "[e]ach policy of liability insurance issued in this state providing coverage to motor vehicles owned by a . . . corporation engaged in the business of selling at retail new and used motor vehicles shall provide that, when an accident involves the operation of a motor vehicle by a person who is neither the owner of the vehicle involved in the accident nor an employee of the owner and the operator of the motor vehicle is an insured under a complying policy other than the complying policy insuring the motor vehicle involved in the accident, primary coverage as to all coverages provided in the policy under which the operator is an insured shall be afforded by the policy insuring the said operator and any policy under which the owner is an insured shall afford excess coverages. If the policy under which the owner is an insured and which affords excess coverage contains a provision which eliminates such excess coverage based on the existence of coverage provided in the operator's policy, such provision of the owner's policy shall be void."

Georgia has an "automobile related plan by which [PIP] insur-

ance 'follows the car.' " *Georgia Cas. &c. Co. v. Waters*, 146 Ga. App. 149, 152 (246 SE2d 202) (1978). In line with this policy, OCGA § 33-34-4 (a) mandates that "[n]o owner of a motor vehicle required to be registered in this state or any other person . . . shall operate or authorize any other person to operate the motor vehicle unless the *owner has insurance on the vehicle providing the following minimum [PIP] coverage . . . ."* (Emphasis supplied.)

OCGA § 33-34-3 (e) as quoted above is in derogation of this basic scheme and allows the operator's insurance to be primary when driving a car owned by an entity engaged in the business of selling motor vehicles. Before this dealer's provision applies, however, section 33-34-3 (e) requires that the operator be "an insured under a complying policy" other than the one provided by the owner. IIC premises its public policy argument on the contention that Walck's actions in driving the "loaner" while not having effective insurance on her owned vehicle violated criminal statutes.

Walck's actions in driving the "loaner" insured by IIC were not in violation of either OCGA § 33-34-12 (a) (1), which requires that proof of effective insurance be kept in the vehicle, or OCGA § 33-34-12 (b), which prohibits operating a vehicle without "effective insurance on such vehicle." There was effective insurance on the vehicle and there is no indication in the record that proof was not in the car.

Further, if it had been the intent of the legislature to so limit the reach of OCGA § 33-34-4 (e) in line with IIC's view, it could easily have done so. "In statutory construction, ' "(i)t is fundamental that the determining factor is the intent of the legislature and we look first to the words of the statute to determine what that intent was and if those words be plain and unambiguous and the intent may be clearly gathered therefrom, we need look no further in determining what that intent was." (Cit.) In fact, "where the language of an Act is plain and unequivocal, judicial construction is not only unnecessary but is forbidden. (Cit.)" (Cit.)' *Williamson v. Lucas*, 171 Ga. App. 695, 697 (320 SE2d 800) (1984)." *Standard Guaranty Ins. Co. v. Grange Mut. Cas. Co.*, 182 Ga. App. 842, 843 (357 SE2d 295) (1987).

There was no error. See *Auto-Owners Ins. Co. v. Safeco Ins. Co.*, 245 Ga. 558 (266 SE2d 175) (1980).

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 6, 1989.

*Dickey, Whelchel, Brown & Readdick, J. Thomas Whelchel*, for appellant.

*Ashman & Zipperer, Charles R. Ashman, James B. Ashby,* for appellee.