S96A1167. BANKERS INSURANCE COMPANY v. TAYLOR et al.
(475 SE2d 619)

FLETCHER, Presiding Justice.

In this declaratory judgment action, Bankers Insurance Company contends that OCGA § 33-34-3 (a) (2) is unconstitutional under the Commerce Clause of the United States Constitution. The trial court entered judgment against Bankers. Because the McCarran-Ferguson Act removes laws regulating insurance from Commerce Clause scrutiny, we affirm.

Nadine Taylor is a Florida resident who obtained automobile insurance with Bankers Insurance. Taylor's policy did not provide bodily injury or uninsured motorist coverage. Taylor was involved in an accident in Georgia with Cynthia Bailey and her passengers. The Baileys sued Taylor for personal injuries they suffered in the accident and made demand upon Bankers for payment under the policy. Bankers denied coverage and filed a declaratory judgment action. The trial court denied Bankers' motion for summary judgment and granted the Baileys' cross-motion based on OCGA § 33-34-3 (a) (2), which requires insurers authorized to transact business in Georgia to provide its insured with the minimum coverage required under Georgia law when the insured is involved in an accident in Georgia, even though the policy was purchased out-of-state.

1. Under OCGA § 33-34-3 (a) (2) motor vehicle insurance policies issued by insurers authorized to transact business in this state are deemed to provide the minimum coverage required under Georgia

law when the insured is involved in an accident in Georgia.[1] Under the plain language of § 33-34-3 (a) (2), Bankers' policy of insurance on Taylor's car is deemed to provide this minimum coverage. Bankers, however, contends that this provision violates the Commerce Clause.

The Commerce Clause has long been recognized as placing a limitation on the power of states to impose burdens on interstate commerce.[2] The McCarran-Ferguson Act, however, provides that "the continued regulation and taxation of the business of insurance by the several states is in the public interest,"[3] and that "[t]he business of insurance . . . shall be subject to the laws of the several states which relate to the regulation or taxation of such business."[4] The effect of the McCarran-Ferguson Act is to remove Commerce Clause restrictions from the regulation and taxation of insurance.[5] In *Western & Southern Life Insurance,* the United States Supreme Court expressly held that "Congress removed all Commerce Clause limitations on the authority of the States to regulate and tax the business of insurance when it passed the McCarran-Ferguson Act."[6] Furthermore, courts have recognized that laws like OCGA § 33-34-3 (a) (2) that mandate specific benefits within insurance contracts are laws that "regulate the business of insurance."[7] Because OCGA § 33-34-3 (a) (2) is a law regulating the business of insurance, it is shielded from Commerce Clause attack by the McCarran-Ferguson Act.

2. Bankers also contends that the McCarran-Ferguson Act does

---

[1] OCGA § 33-34-3 (a) (2) provides,
All insurers authorized to transact or transacting insurance in this state or controlling or controlled by or under common control by or with an insurer authorized to transact or transacting insurance in this state which issue policies or contracts providing motor vehicle liability insurance coverage or any other similar coverage in any state or Canadian province shall include in the policies or contracts of insurance a provision which provides at least the minimum liability coverage required under Code Section 33-34-4 with respect to motorists insured under the policies or contracts who are involved in motor vehicle accidents in this state and, notwithstanding any provisions of the policies or contracts to the contrary, all such policies or contracts of insurance shall be deemed to satisfy the minimum requirements of this chapter if a motorist insured under the policies or contracts of insurance is involved in a motor vehicle accident in this state.

[2] *Western & Southern Life Ins. Co. v. California Bd. of Equalization,* 451 U. S. 648, 652 (101 SC 2070, 68 LE2d 514) (1981).

[3] 15 USC § 1011.

[4] 15 USC § 1012 (a).

[5] *Western & Southern Life Ins. Co.,* 451 U. S. at 653-655; *Prudential Ins. Co. v. Benjamin,* 328 U. S. 408, 429-431 (66 SC 1142, 90 LE 1342) (1946).

[6] *Western & Southern Life Ins. Co.,* 451 U. S. at 653.

[7] See *Metropolitan Life Ins. Co. v. Massachusetts,* 471 U. S. 724, 742-743 (105 SC 2380, 85 LE2d 728) (1985); *Blue Cross & Blue Shield v. Bell,* 798 F2d 1331, 1336 (10th Cir. 1986); see also *Hoopeston Canning Co. v. Cullen,* 318 U. S. 313, 321 (63 SC 602, 87 LE 777) (1943) (states have "full power to prescribe the forms of contract [and] the terms of protection of the insured").

not remove Commerce Clause restrictions from laws that have an effect wholly outside the state. OCGA § 33-34-3 (a) (2) , however, does not have a wholly extraterritorial effect because it becomes operative only when personal injury or property damage occurs in Georgia. Furthermore, even if this law's effect were wholly extraterritorial, the McCarran-Ferguson Act limits the viability of a challenge under the Commerce Clause.[8]

3. OCGA § 33-34-3 (a) (2) does not unconstitutionally impair Bankers' obligations under its contract.[9] The statute was in existence at the time Bankers issued its policy to Taylor. Therefore, the terms of the statute are read into the contract, and the statute has no retroactive application that impairs Bankers' obligations under the policy.[10]

4. Finally, Bankers also raises an equal protection challenge under the state constitution to OCGA § 33-34-3 (a) (2). Bankers has not, however, established that the statute treats similarly situated persons differently. All insurers doing business in this state must provide the same minimum coverage in motor vehicle liability policies.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 23, 1996.

*Bovis, Kyle & Burch, Charles M. McDaniel, Jr., Kenneth W. Sheppard,* for appellant.

*Kenneth J. Rajotte,* for appellees.

*Michael J. Bowers, Attorney General, Brenda H. Cole, Deputy Attorney General, Alan Gantzhorn, Senior Assistant Attorney General, Freedman & Sinowski, Marc H. Bardack,* amici curiae.

---

[8] See *Blue Cross & Blue Shield v. Bell*, 596 FSupp. 1053, 1059 (D. Kan. 1984) (extraterritorial application of statute must meet due process standards, but the McCarran-Ferguson Act exempts it from Commerce Clause scrutiny), aff'd, 798 F2d 1331 (10th Cir. 1986).

[9] Bankers raises this challenge only under the Georgia Constitution, Art. I, Sec. I, Par. X.

[10] See *Von Hoffman v. City of Quincy*, 71 U. S. 535, 550 (4 Wall) (1867) (federal Contracts Clause); *Shoreline Community College District No. 7 v. Employment Security Dept.*, 842 P2d 938, 947 (Wash. 1992) (similar contracts clause in Washington Constitution).