A97A0362. DANIELS et al. v. JOHNSON.
(487 SE2d 504)

ANDREWS, Chief Judge.

This appeal[1] by Daniels, Sr., plaintiff below, arises from an August 23, 1993 Georgia automobile accident involving a Dollar Rent-A-Car rented in New York, driven by New York resident Johnson, and insured for Dollar by Chrysler Insurance. Johnson was personally insured by Allstate Insurance Company when she struck the car occupied by Daniels, Sr. and his son, causing injuries. Daniels was insured by Auto-Owners Insurance Company, including uninsured/underinsured coverage, which is the coverage at issue here.

Daniels, individually and on behalf of his son, filed suit against Johnson. Dollar's Chrysler Insurance policy provided the New York-required coverage of 10/20/10 on the Johnson car. Daniels, who maintained uninsured/underinsured coverage of 50/50/50, caused Auto-Owners to be served with a copy of this complaint. The Daniels thereafter settled their claims against Chrysler and Allstate for $10,000 payments from each, executing releases stating that the Daniels were executing them pursuant to OCGA § 33-24-41.1.

Auto-Owners' additional investigation determined that Chrysler, the primary liability carrier, was licensed to engage in insurance business in Georgia at the time of the accident. Thereupon, Auto-Owners raised the defense of the release of tortfeasor Johnson, because of the Daniels' failure to exhaust coverage available from Chrysler, based on Georgia's statutorily mandated $15,000 minimum coverage under OCGA § 33-34-3 (a) (2), the "deemer statute." That statute states that all policies of insurers authorized to do business in Georgia are "deemed to satisfy the minimum requirements of this chapter if a motorist insured under the policies or contracts of insur-

---

[1] The case was submitted to the trial court on stipulated facts, as set out hereinafter.

ance is involved in a motor vehicle accident in this state." The minimum requirement for bodily injury coverage is $15,000. OCGA §§ 33-34-4; 40-9-37 (a).

The trial court granted summary judgment to Auto-Owners on its claim that the Daniels had not fulfilled a condition precedent to coverage under its underinsured provision, i.e., exhaustion of benefits from other available insurance.

OCGA § 33-7-11 (b) (1) (D) (ii) defines an uninsured motor vehicle as, inter alia, one "as to which there is: . . . [b]odily injury liability insurance and property damage liability insurance with available coverages which are less than the limits of the uninsured motorist coverage provided under the insured's insurance policy, but the motor vehicle shall only be considered to be uninsured for the amount of the difference between the *available coverages under the bodily injury liability insurance and property damage liability insurance coverages on such motor vehicle* and the limits of the uninsured motorist coverage provided under the insured's motor vehicle insurance policy; and for this purpose *available coverages under the bodily injury liability insurance and property damage liability insurance coverages on such motor vehicle shall be the limits of coverage* less any amounts by which the maximum amounts payable under such limits of coverage have, by reason of payment of other claims or otherwise, been reduced below the limits of coverage. . . ." (Emphasis supplied.)

The trial court below found, and we agree, that since, as a matter of law, Chrysler was deemed to have provided $15,000 in bodily injury coverage and the Daniels settled for $10,000, the limited release language regarding OCGA § 33-24-41.1 does not save them from the release of the tortfeasor defense of Auto-Owners. OCGA § 33-24-41.1 (a)[2] provides that "[i]n any instance where a claim arising out of a motor vehicle accident is covered by two or more insurance carriers, one such carrier may tender, and the claimant may accept, *the limits of such policy*. . . . Such claimant . . . may execute a limited release applicable to the settling carrier and its insured based on injuries to such claimants. . . ." (Emphasis supplied.) Subsections (b) and (d) provide that such a release releases the settling carrier and the tortfeasor insured by the settling carrier from liability arising from that incident, but does not "[b]ar a claimant's recovery against any other tort-feasor or under any other policy of insurance or release any other insurance carrier providing applicable

---

[2] The statute, as amended in 1994, not the pre-1994 version quoted by Daniels in his brief, is applicable to this case. *Haezebrouck v. State Farm &c. Ins. Co.*, 216 Ga. App. 809, 810 (1) (455 SE2d 842) (1995); *Evans v. Belth*, 193 Ga. App. 757, 759 (2) (388 SE2d 914) (1989).

coverage unless specifically provided for in such release." OCGA § 33-24-41.1 (d) (1).

Here, as in *Bankers Ins. Co. v. Taylor*, 267 Ga. 134 (475 SE2d 619) (1996), the "deemer statute" was in effect when the liability insurer's policy was issued, and, therefore, "the terms of the statute are read into the contract, and the statute has no retroactive application that impairs [the liability insurer's] obligations under the policy." (Footnote omitted.) Id. at 136 (3).

"Uninsured motorist coverage is designed to provide payment for all sums which the insured is legally entitled to recover as damages from the *uninsured motorist*. OCGA § 33-7-11; [cits.]." (Emphasis in original.) *G & MSS Trucking v. Rich*, 224 Ga. App. 130, 131 (1) (479 SE2d 761) (1996). The remedial purposes of the statute are construed broadly to provide financial protection to innocent motorists who are injured by irresponsible drivers. *Hinton v. Interstate Guaranty Ins. Co.*, 267 Ga. 516 (480 SE2d 842) (1997).

Here, this purpose has been served because Daniels had the benefit of both the liability insurance and his uninsured motorist insurance. That he did not fulfill the condition precedent to a claim against his own policy does not diminish this fact. See *Darby v. Mathis*, 212 Ga. App. 444, 445 (2) (441 SE2d 905) (1994) (finding that signing a general release in favor of the tortfeasors and their liability insurer precluded a claim against the injured party's uninsured motorist carrier).

It is not the "limited release" under OCGA § 33-24-41.1 upon which Auto-Owners relies, but the failure to obtain the maximum payment from the liability carrier before making an underinsured claim. There was no error.

*Judgment affirmed. Beasley and Smith, JJ., concur.*

DECIDED JUNE 11, 1997 — 

 Before Judge Gray.

*Robert M. Beauchamp*, for appellants.

*Watson, Spence, Lowe & Chambless, John M. Stephenson*, for appellee.