A03A1605. HENDRIX et al. v. UNIVERSAL UNDERWRITERS INSURANCE COMPANY.
(588 SE2d 761)

ANDREWS, Presiding Judge.

This appeal involves a dispute over the amount of excess insurance coverage payable under OCGA § 33-34-3 (d), which provides in

general that, where a new or used car dealer provides a customer with a dealer-owned car to test drive (or to use as a loaner while repairs are done on the customer's car), and the customer is involved in an accident while driving the dealer's car, the customer's private automobile insurance provides primary coverage and the insurance policy covering the dealer's car provides excess coverage. Specifically, subsection (d) provides:

> Each policy of liability insurance issued in this state providing coverage to motor vehicles owned by a person, firm, or corporation engaged in the business of selling at retail new and used motor vehicles shall provide that, when an accident involves the operation of a motor vehicle by a person who is neither the owner of the vehicle involved in the accident nor an employee of the owner and the operator of the motor vehicle is an insured under a complying policy other than the complying policy insuring the motor vehicle involved in the accident, primary coverage as to all coverages provided in the policy under which the operator is an insured shall be afforded by the liability policy insuring the said operator and any liability policy under which the owner is an insured shall afford excess coverages. If the liability policy under which the owner is an insured and which affords excess coverage contains a provision which eliminates such excess coverage based on the existence of coverage provided in the operator's liability policy, such provision of the owner's liability policy shall be void.

The accident to which subsection (d) applies in this case occurred on October 31, 1999, when a car driven by Tracy Hendrix collided with a car driven by Brad Fahey. Fahey was driving a car owned by a car dealer, Marietta Mitsubishi, and loaned to him while his car was being repaired. USAA Casualty Insurance Company provided coverage on Fahey's car, and Universal Underwriters Insurance Company provided coverage on the loaner car owned by Marietta Mitsubishi. Hendrix, acting individually and on behalf of her minor daughter who was a passenger in the car, sued Fahey for injuries suffered by her and her daughter, and followed that suit with a declaratory judgment action against Universal seeking a declaration that a provision in the Universal policy limiting the policy's excess insurance coverage was void under the provisions of subsection (d). This appeal is from the trial court's grant of summary judgment in favor of Universal in the declaratory judgment action and the denial of Hendrix's motion for summary judgment in that action.

Fahey's USAA policy, which provided primary insurance cover-

age under subsection (d), had motor vehicle liability coverage in excess of the statutory minimum limits in effect on the date of the accident. Marietta Mitsubishi's Universal policy, which provided excess coverage under subsection (d), provided motor vehicle liability coverage on the date of the accident in excess of the statutory minimum limits on cars being driven by some classes of insureds defined in the policy. For cars driven by these insureds, the liability insurance limit was $300,000 with additional umbrella coverage of $6,000,000. On the other hand, Fahey (as a customer of the dealer driving a loaner car by permission) was defined under the policy as being within a separate class of insureds for whom motor vehicle liability coverage was only a portion of the above higher limit set for cars driven by other insureds. The policy limited liability insurance on the loaner car driven by Fahey as follows:

> [T]he most we will pay is that portion of such limit needed to comply with the minimum limits provision law in the jurisdiction where the occurrence took place. When there is other insurance applicable, the most we will pay is $5,000.

Hendrix contended that the $5,000 coverage limit had the effect of eliminating excess coverages on the loaner car driven by Fahey and was therefore void under the last sentence of subsection (d), which provides:

> If the liability policy under which the owner is an insured and which affords excess coverage contains a provision which eliminates such excess coverage based on the existence of coverage provided in the operator's liability policy, such provision of the owner's liability policy shall be void.

According to Hendrix, subsection (d) of OCGA § 33-34-3 required that the Universal policy be construed to provide $6,300,000 of coverage on the loaner car driven by Fahey rather than $5,000 of coverage. The trial court rejected this contention and denied Hendrix's motion for summary judgment seeking a declaration to that effect. Finding that the provision limiting liability coverage to $5,000 was valid, the trial court granted Universal's motion for summary judgment.

We find no error in the trial court's conclusion that the Universal policy did not provide $6,300,000 of coverage on the loaner car driven by Fahey. The Universal policy defined the coverage on a loaner car driven by a customer and stated that the coverage provided was the amount "needed to comply with the minimum limits provision law in the jurisdiction where the occurrence took place," except "[w]hen there is other insurance applicable, the most we will pay is $5,000." The Universal policy clearly did not provide the higher limits of cov-

erage on a customer driven loaner car, and nothing in OCGA § 33-34-3 (d) required that the Universal policy provide excess insurance on the loaner car driven by Fahey in an amount more than the statutory minimum limits in effect on the date of the October 31, 1999 accident. *American Home Assurance Co. v. Smith*, 218 Ga. App. 536, 538 (462 SE2d 441) (1995).

On the date of the accident, former OCGA § 40-9-37 (a) provided for minimum liability limits of

> not less than $15,000.00 because of bodily injury or death of one person in any one accident and, subject to such limit for one person, to a limit of not less than $30,000.00 because of bodily injury or death to two or more persons in any one accident and, if the accident has resulted in injury to or destruction of property, to a limit of not less than $10,000.00 because of injury to or destruction of property of others in any one accident.

Universal contends that subsection (d) did not require it to provide excess coverage in the statutory minimum amounts. In support of this position, Universal relies on the last sentence of subsection (d), which states that the insurance policy providing excess coverage cannot contain a provision "which eliminates such excess coverage" based on the existence of coverage provided by the primary insurer. Thus, Universal contends that it was entitled to contract to provide excess coverage in the amount of $5,000 or any amount more than zero, as long as it did not completely eliminate excess coverage. To the contrary, we conclude subsection (d) of OCGA § 33-34-3 required that the Universal policy provide excess coverage on the loaner car driven by Fahey in an amount not less than the above stated statutory minimum limits. Accordingly, the trial court erred to the extent its grant of summary judgment in favor of Universal approved the provision in the policy reducing excess coverage to $5,000.

By making the driver's insurance policy primary when a dealer's customer is driving a dealer-owned car, OCGA § 33-34-3 (d) shifts primary coverage from the dealer's insurance policy in derogation of the usual rule that automobile insurance "follows the car." (Citation and punctuation omitted.) *Indus. Indem. Co. v. Walck*, 192 Ga. App. 754, 755-756 (386 SE2d 521) (1989). Under subsection (d) the shift occurs when "the operator of the motor vehicle is an insured under a complying policy other than the complying policy insuring the motor vehicle involved in the accident. . . ." A "complying policy" under subsection (d) means a policy that complies with the provisions of the Georgia Motor Vehicle Accident Reparations Act, including the requirement that insurance policies contain at least the minimum

statutory liability limits. OCGA § 33-34-1 et seq.; *Auto-Owners Ins. Co. v. Safeco Ins. Co. &c.*, 245 Ga. 558, 560-561 (266 SE2d 175) (1980). Accordingly, both Fahey's USAA policy and Marietta Mitsubishi's Universal policy were required to provide at least the minimum statutory liability limits in effect on the date of the accident. The provision in the Universal policy limiting excess coverage to $5,000 is void under subsection (d), and the policy will be deemed to provide excess coverage in the amount of the minimum statutory liability limits in effect on the date of the accident. *Commercial Union Ins. Co. v. Ins. Co. of North America*, 155 Ga. App. 786, 789-790 (273 SE2d 24) (1980); *Bankers Ins. Co. v. Taylor*, 267 Ga. 134-135 (475 SE2d 619) (1996). As the primary policy under subsection (d), the USAA policy would be the first policy obligated to pay on any judgment entered against Fahey up to the policy limits, which in the case of the USAA policy exceed the minimum limits. If the limit of liability of the primary policy is exhausted without full payment of the judgment, Universal, as the secondary insurer under subsection (d), would be obligated to provide excess coverage on any such judgment up to the minimum statutory liability limits in effect on the date of the accident. *Ga. Mut. Ins. Co. v. Southern Gen. Ins. Co.*, 181 Ga. App. 238, 240 (351 SE2d 658) (1986).

*Judgment affirmed in part and reversed in part. Adams, J., concurs. Barnes, J., concurs in the judgment only.*

DECIDED SEPTEMBER 15, 2003 —
RECONSIDERATION DISMISSED OCTOBER 9, 2003 — 

*Daniel B. Simon III*, for appellants.
*Fain, Major, Wiley & Brennan, Charles A. Wiley, Jr.*, for appellee.